Argued July 6, 1961, reversed and remanded January 31, 1962

## CLUCK ET UX *v.* FISH ET AL
### 368 P. 2d 626

*Norman K. Winslow,* Salem, argued the cause for appellants. With him on the briefs was Thomas B. Gabriel, Salem.

*Francis E. Marsh,* McMinnville, argued the cause and filed a brief for respondents.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell and Lusk, Justices.

## McALLISTER, C. J.

This is an action in deceit growing out of the leasing to plaintiffs by defendants of certain real property in Benton county. The trial court allowed the defendants' motion for an involuntary nonsuit, and from the consequent judgment dismissing their action the plaintiffs have appealed.

It is agreed that the parties executed a lease dated January 25, 1954 whereby the defendants leased to the plaintiffs approximately 240 acres of land in Benton county for a term of three years, at a rental of $600 for the first year, $700 for the second year, and $800 for the third year. The lease recited that there was growing on the property a supply of standing fir, alder, cedar and maple timber, and that there was also situated on the property a portable sawmill belonging to the defendants. The lease provided in effect that the defendants were to furnish the sawmill and the timber growing on the leased premises, and that the plaintiffs were to log the timber and manufacture it into lumber and pay defendants 40% of the amount received for the lumber as rental for the sawmill and stumpage for the timber.

Plaintiffs' amended complaint alleged that the defendants falsely represented that there was 1,000,000 board feet of merchantable timber on the property, that the plaintiffs relied on said representation, that the representation was false in that there was little or no merchantable timber on the premises and that

plaintiffs were damaged thereby. Plaintiffs alleged that if the property had been as represented they would have made a profit of $12,000 in the logging and sale of said timber, and demanded judgment for $12,000 general damages and $15,000 punitive damages.

When the case came on for trial plaintiffs first offered evidence tending to prove their allegations of fraud, and then undertook to prove their damage. As part of their proof of damage plaintiffs offered in evidence an agreement dated March 3, 1954 entered into by the plaintiffs, the defendants, and certain third parties named Larson, who were engaged in the sawmill business, which agreement was marked Plaintiffs' Exhibit No. 10 for identification, and will be so referred to herein. The agreement in effect modified the lease by providing that instead of manufacturing the timber cut from the leased premises into lumber with defendants' portable sawmill, the plaintiffs would log the timber and sell the logs to the Larson sawmill for the sum of $37 per thousand feet, of which $15 per thousand feet was to be paid to defendants in full payment for the stumpage, and the balance to plaintiffs for cutting the timber and delivering the logs to the said purchaser.

The defendants objected to the introduction of Exhibit No. 10 on the ground that "loss of profits is not a correct element of damages in a fraud case." The court sustained the objection and plaintiffs elected to stand on their theory that they were entitled to recover the profits they would have made if the representations as to the amount of timber had been true. Plaintiffs' counsel recognized that this course would lead to the granting of a nonsuit.

In order to preserve an exception to the court's

ruling as to the measure of damages, the plaintiffs presented as an offer of proof extensive testimony tending to prove that their costs in cutting and delivering the logs from the leased premises to the Larson sawmill would have been $27.50 per thousand, including the stumpage, and that they would have received $37, leaving a net profit of $9.50 per thousand. All of the offer of proof was made out of the presence of the jury.

After completing their offer of proof on the issue of damages, plaintiffs rested their case. Defendants then moved for an involuntary nonsuit upon the ground, among others, that no proof of damages had been received in evidence. The court allowed the motion and entered judgment dismissing the action.

Plaintiffs' brief contains only two assignments of error. The first states that the "court erred in sustaining the defendants' motion for involuntary nonsuit." Under this assignment plaintiffs argue that the court erred in rejecting the evidence offered in proof of their damages. It would have been more direct and accurate to assign as error the ruling of the court in refusing to admit into evidence Plaintiffs' Exhibit No. 10 and the rest of their offer of proof. However, since the rejection of the offer of proof resulted in the granting of a nonsuit, we will treat the assignment of error as broad enough to raise the propriety of the court's ruling on the measure of damages.

■ It is a general rule consistently followed by this court that loss of profits is a proper element of damages in a tort action when the loss is the direct and necessary result of the defendants' acts and the profits can be established with reasonable certainty. *Marr et al v. Putnam et al,* 213 Or 17, 321 P2d 1061; *Randles*

*v. Nickum & Kelly S. & G. Co.,* 169 Or 284, 127 P2d 347; *Preble et al v. Hanna,* 117 Or 306, 244 P 75; *Fields v. Western Union Telegraph Co.,* 68 Or 209, 137 P 200; see also *Anderson v. Columbia Contract Co.,* 94 Or 171, 184 P 240, 185 P 231, 7 ALR 653; 25 CJS 523, Damages § 44.

The general rule regarding the recovery of profits as an element of damages is stated in 15 Am Jur 556, Damages § 149, as follows:

> "The authorities now generally recognize that profits which have been prevented or lost as the natural consequence of a breach of a contract or the commission of a tortious act may be recovered as an item of damages in an action based upon such breach of contract or tortious act, provided it can be established that the profits claimed to have been lost would reasonably have been realized except for the defendant's wrong. In other words, the right to recover profits claimed to have been lost as a result of a tort or breach of a contract is now generally determined by the same rules as govern the recovery of other damages. The views expressed in earlier American and English decisions, excluding profits altogether as an element of recoverable damages in actions for breach of contract and for tort, are no longer followed."

The foregoing statement in slightly different form was quoted with approval from 8 RCL 501, Damages § 62, in *Preble et al v. Hanna,* supra at 316.

Recovery of lost profits from the manufacture and sale of lumber has been approved in *Martin et al v. Neer,* 126 Or 345, 269 P 342, from which we quote the following:

> "* * * In the following citations the facts were quite similar to those before us; that is, a sawmill operator contracted with an owner to pur-

> chase his timber, expecting at the time to derive a profit from the sale of the lumber which he proposed to manufacture from the timber. Damages calculated upon the basis of the anticipated profits was held the measure of recovery: Fail v. McRee, 36 Ala. 61; Atkinson v. Morse, 63 Mich. 276 (29 N. W. 711); Goodrich v. Hubbard, 51 Mich. 63 (16 N. W. 232); Long v. McCauley (Tex.), 3 S. W. 689; Martindale v. Lobdell-Emery Mfg. Co., 189 Mich. 477 (155 N. W. 559, L. R. A. 1918F, 1). See, also, generally, 17 R. C. L., Logs and Timber, Section 28, and the extensive footnote to Wells v. National Life Assn. of Hartford, 53 L. R. A. 33. We conclude therefore, that the rules for measuring damage which the lower court applied were the proper ones."

See also *Smith v. Abel et al,* 211 Or 571, 589, 316 P2d 793. Although the two cases last cited both involve a breach of contract, we believe they are apposite since the rule allowing loss of profits in tort actions is generally more liberal than in actions for breach of contract. *Selman v. Shirley,* 161 Or 582, 627, 85 P2d 384, 91 P2d 312, 124 ALR 1; 15 Am Jur 571, Damages § 155.

■ In view of the firmly established rule that, if proved with sufficient certainty, profits may be recovered in both tort and contract actions, we think the trial court erred in refusing to permit plaintiffs to offer evidence in support of their claim for loss of profits.

■ Just before plaintiffs rested their case they moved to amend that portion of their amended complaint alleging their damages. The denial of this motion is the basis of plaintiffs' only other assignment of error. A motion to amend a complaint during the course of the trial is addressed to the sound discretion

of the court, and the denial of such motion will be reversed only for an abuse thereof. *Tracy and Baker v. City of Astoria,* 193 Or 118, 129, 237 P2d 954; *Green Mt. Log Co. v. C. & N. R. R. R.,* 146 Or 461, 469, 30 P2d 1047; *Goff v. Elde,* 132 Or 689, 692, 288 P 212; *Stark et al v. McKenna et al,* 124 Or 332, 341, 263 P 391; *Hollywood O. Co. v. Dennis, Kimball & Pope,* 124 Or 71, 83, 240 P 881, 263 P 66. The trial court did not abuse its discretion in denying the motion to amend.

The case is reversed and remanded for a new trial.