Argued December 4, 1963, affirmed January 15, 1964

## SMITH ET AL *v.* McMAHON ET UX
### 388 P. 2d 280

*John Gordon Gearin,* Portland, argued the cause for appellants. With him on the briefs were Koerner, Young, McColloch & Dezendorf and James V. Hurley, Portland.

*John H. Buttler* and *Nicholas Jaureguy,* Portland, argued the cause for respondents. On the brief were Cake, Jaureguy, Hardy, Buttler & McEwen, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, SLOAN, GOODWIN and LUSK, Justices.

## SLOAN, J.

These consolidated appeals challenge a decree of the trial court which set aside gifts made to defendants by Josephine Ross, deceased, during the last years of her lifetime. One of the cases was against defendant Thomas D. McMahon only. The material evidence was the same in respect to both defendants. Plaintiffs are sisters of defendant Thomas McMahon. They will benefit by the cancellation of the gifts.

Thomas D. McMahon was a nephew of Josephine Ross. The evidence revealed that she looked to him with affection and confidence. Prior to 1953, Mrs. Ross, her husband, and a sister of Mrs. Ross, Mrs. Zilly, lived in the same home. In November, 1953 Mrs. Zilly died and not long after Mr. Ross became ill and was hospitalized. He died in 1955. In June, 1954 Mrs. Ross, when she was 78 years of age, suffered a stroke. She also was hospitalized and remained in a hospital until 1956 when she returned to live in her former home. The facts just stated are material. There was evidence that Mrs. Ross suffered severe shock as a result of the two deaths. The incapacity and death of Mr. Ross caused Mrs. Ross to rely on the advice of defendant Thomas McMahon.

Mrs. Ross died in June 1958. Defendant Thomas McMahon was appointed executor of her will and estate. On February 9, 1959, McMahon filed in the probate proceedings a document designated as First and Final Account. This account was approved by the probate court. None of the property given to defend-

ants had been mentioned in any of the probate proceedings.

Shortly thereafter these suits were filed to require defendants to disgorge the real and personal property given to defendants by Mrs. Ross prior to her death. The complaint in the case against both defendants alleged that Mrs. Ross had given to both defendants, by deed, the real property occupied by Mrs. Ross as her home. The other complaint alleged that Mrs. Ross had given to defendant Thomas McMahon gifts of personal property and money.

The trial court entered findings and a decree in each case. The findings, except for the designation of the parties and of the property, were substantially identical. The findings provide a good summary of the extensive testimony and exhibits. The court found:

\* \* \* \* \*

"4. Defendant Thomas D. McMahon is an attorney at law duly licensed to practice law within the state of Oregon, and during all times herein mentioned was practicing his profession in this state, and prior to her death defendant was attorney for Josephine Ross in matters requiring legal advice or services, and was also her trustee and business adviser.

"5. Beginning some time prior to the year 1954 and continuing until her death, said decedent Josephine Ross, because of old age and feeble heatlh and mental impairment was unable to handle her financial affairs or business matters without assistance, and defendant conducted her business and financial transactions for her.

"6. The relationship between said Josephine Ross and defendant was of a highly fiduciary nature.

"7. Between the 17th day of June, 1954, and the 20th day of June, 1958, as a result of the trust

and confidence in which defendant was held by said Josephine Ross, and while defendant was acting as attorney, trustee and financial and business adviser for her, defendant by reason and as a result of the trust and confidence in which defendant was held by said Josephine Ross received from her, and from others for her, large sums of money and securities and other personal property, and also real property, some of which was acquired in the joint names of defendant and decedent.

"8. At no time did defendant advise said Josephine Ross, or suggest to her, that with respect to any of the transactions by which defendant received said benefits, sums of money and other personal property, she should receive independent or disinterested advice or counsel, and said Josephine Ross at no time obtained any distinterested or independent legal or other advice or counsel with respect to any transactions or proposed transactions in which defendant received the gifts or other benefits above referred to.

"9. This suit was filed within the time provided by law and plaintiffs are not guilty of laches."

The record fully supports the trial court's findings.

■ On these findings the court concluded that the gifts were made in violation of the fiduciary relationship mentioned in the findings of fact. The trial court was right. *Toomey v. Moore et ux,* 1958, 213 Or 422, 325 P2d 805.

■ Defendants also urge that the probate court's order approving the final account was *res judicata* of the issues in these cases. That order was not determinative of any of the issues presented in these suits. The complaints herein properly involved inquiry by a court of equity. *Weinke v. Majeske,* 1940, 163 Or 483, 97 P2d 179. The trial court correctly decided every issue presented and the decrees are affirmed.