Argued June 9, reversed with instructions July 14, 1966

IN THE MATTER OF THE ESTATE OF
MARY HENIKEN, DECEASED
GOORMAN *v.* ESTATE OF WILLIAM
HENIKEN ET AL, LOGUE
416 P. 2d 662

*R. W. PicKell,* Salem, argued the cause and filed a brief for appellants.

Forrest E. Cooper, Lakeview, filed a brief for respondents.

Before McAllister, Chief Justice, and Perry, Sloan, Denecke and Hammond, Justices.

HAMMOND, J. (Pro Tempore).

This is a suit in equity to vacate the order of the Probate Court of Lake County in an intestate proceeding, distributing to William Heniken the Oregon real property in the estate of his late wife Mary, and closing the estate. It is alleged that, at the time of her death, Mary Heniken was the owner of real property described as W ½ NE ¼ of Section 3, Township 27 South, Range 16 East of the Willamette Meridian, Lake County, Oregon.

The complaint alleges that Mary died leaving a last will and testament which was not offered for probate in Oregon, and plaintiff prays that the will be admitted to probate and that distribution of Mary's estate be in accordance with such will. The intervenor, a sister and co-heir of the plaintiff, joins in the plaintiff's request for relief.

Defendants admit ownership in Mary Heniken of the above described real property at the time of her death, but controvert the other contentions of plaintiff and intervenor by claiming ownership in themselves as to the subject real property by adverse possession since her death. Defendants further assert that plaintiff and intervenor are estopped to assert any interest in the realty in themselves and that their claims are barred by the statute of limitations and by laches.

The facts of the case are that William and Mary Heniken were married in 1911, were later divorced, and remarried in 1933, and remained husband and wife until 1940, at which time Mary died, leaving a will by which she left her estate to Louis L. Goorman and Sylvia Logue, her children by a former marriage, with a specific bequest to a granddaughter. Mary's will was admitted to probate and her estate administered in Yakima County, Washington, where they resided at the time of her death. William was there appointed administrator with the will annexed of Mary's estate.

In 1955 Forrest E. Cooper filed in the Probate Court of Lake County, Oregon, a petition alleging that Mary Heniken died *intestate* in 1940 and that "William Heniken, Husband, Grandview, Washington," was her only heir. Cooper administered the estate, in which an inventory was filed showing the real property here in question as the only asset. A final order was entered in such estate, by which such real property was ordered distributed to William Heniken.

The record reveals that Forrest E. Cooper undertook the administration of Mary's estate in Lake County because William Heniken came to him and requested that he do so, indicating that he "had been left

the Estate of Mary Heniken" but could not act as administrator in Oregon, since he was a resident of Washington.

In February 1961 William died in Yakima, Washington, and his will was there filed for probate. The individual defendants in this proceeding are his only heirs. An ancillary probate of William's estate was commenced in Lake County, Oregon by petition of Mary L. Maxwell, filed November 14, 1962, and Forrest E. Cooper was appointed administrator with the will annexed. The sole asset of William's estate in Oregon is the claim of ownership in the real property here in contention.

In August 1962 the plaintiff Goorman, a resident of California, visited the assessor's office in Lake County to check on property owned by him and his wife. While there he discovered records tending to indicate that his late mother owned the property here in controversy. Not knowing of William's death, he later attempted to locate him in Yakima, and was there informed of the demise of his stepfather. On his way back through Oregon, Goorman consulted an attorney, who later instituted these proceedings.

The trial court found that William Heniken had perpetrated a fraud upon the Probate Court of Lake County by having Mary's estate probated therein as an intestate estate in which he was shown to be the sole heir, whereas Mary had left a will, of which William was aware, and in which the plaintiff and intervenor were named as beneficiaries. The court, none the less, dismissed plaintiff's and intervenor's complaints upon the ground that, in spite of defendants' admission by their answer that Mary owned the subject realty at the time of her death, there was evidence that the property was in fact owned by William.

Though the issue as to whether title to the property was in Mary at the time of her death was resolved by the pleadings, the defendants offered in evidence near the close of the trial a certified copy of a patent from the United States to William Heniken, issued January 3, 1917, and covering 159.92 acres, of which the subject property appears to be a part. No other credible evidence was offered toward the proof of title in either party.

In its memorandum opinion the trial court acknowledged the admission by defendants of title in Mary at her death, but then went on to hold:

"* * * However, on trial these defendants produced documentary evidence to the contrary thus rebutting the presumption that would be raised by such allegation. Normally a plaintiff need not furnish proof of a fact admitted by the pleading of an adverse party but this court holds that when such admitted fact is rebutted by the evidence and particularly when that fact involves the title and ownership of real property, the party alleging an interest in such property must do so by actual evidence or show some reason why it could not be done. * * *"

The trial court further held that since there was no *evidence* that Mary had any interest in the realty, other than a dower interest, there was no reason to disturb the Lake County probate of her estate, since no different result would be obtained.

██ We hold that since Mary's title to the property at the time of her death was admitted by defendants, the matter was not an issue in the case. ORS 16.620 provides, in part: "Every material allegation of the complaint, not specifically controverted by the answer, * * * shall, for the purpose of the action, be

taken as true; \* \* \*." This statute does not create a mere presumption that may be overcome by evidence, but rather acts to establish the fact. *Stanley v. Topping*, 71 Or 590, 143 P 632 (1914); *Haines v. Connell*, 48 Or 469, 87 P 265, 88 P 872 (1906); *Salem v. Anson*, 40 Or 339, 67 P 190, 56 LRA 169 (1902).

■ The defendants go on to contend that any title in Mary at the time of her death (1940) has been extinguished in that defendants now have title by adverse possession. No effort was made to prove actual possession of the premises at any period involved in these proceedings. By her petition for appointment of an administrator c.t.a. in William's estate, Mary L. Maxwell, one of the defendants, describes the property as follows: "That said real property is vacant, unenclosed land with no improvements thereon and there have been no rents or profits received therefrom for many years." The property is further described as being valued at $240. It appears that any occupancy that the land has enjoyed has been limited to the fauna native to the area. No title has been created in the defendants by adverse possession.

■ Finally, the defendants contend that since the plaintiff and intervenor made no attempt to claim title to the property since their mother's death in 1940, and did not dispute William's claim of title until 1963 (when plaintiff's complaint was filed), they are now estopped to deny title in the defendants. There is no evidence that either plaintiff or intervenor had knowledge of apparent title in their mother until August 1962, or that they had knowledge of the fraudulent administration of her estate in Lake County, until some time thereafter. None of the elements of equitable estoppel or estoppel by conduct exists. *Earls et ux v.*

*Clarke et al,* 223 Or 527, 355 P2d 213 (1960); *Bennett v. City of Salem et al,* 192 Or 531, 235 P2d 772 (1951).

The argument of defendants that plaintiff's and intervenor's rights are barred by the statute of limitations and by the equitable doctrine of laches is entirely without merit, and no further comment thereon is necessary.

■ Since from the record and the oral argument of counsel it appears that neither party has made an effort to have an examination made of the record title to the subject property, it may well be that these proceedings are an unfortunate exercise in futility. However, the order approving Final Account and Decree of Distribution entered in the Estate of Mary Heniken, Lake County, File No. 1263, is at least a cloud upon the title to the property, and the same having been fraudulently obtained, the order should be vacated. *Weinke v. Majeske,* 163 Or 483, 97 P2d 179 (1940); *Froebrich v. Lane,* 45 Or 13, 76 P 351 (1904).

Reversed with instructions to enter a decree vacating the order approving Final Account and Decree of Distribution in the Estate of Mary Heniken, with costs to neither party.