Argued May 5, affirmed August 11, 1971

ROSS, *Respondent, v.* FRAZEN, *Appellant.*

487 P2d 888

*Glenn H. Prohaska,* Portland, argued the cause for appellant. With him on the brief were Carlton R. Reiter and Reiter, Day, Wall & Bricker, Portland.

*Roscoe C. Nelson,* Portland, argued the cause for respondent. With him on the brief was Marvin S. Nepom, Portland.

Before O'Connell, Chief Justice, and Denecke, Holman, Tongue, Howell and Bryson, Justices.

HOWELL, J.

Plaintiff brought this action on two promissory notes executed by defendant. The trial court, sitting without a jury, entered findings and a judgment for plaintiff, and defendant appeals.

The plaintiff and the defendant were associated together in a Hickory Farms franchise in several western states. The defendant was also an officer in Intercontinental Cuisine, a corporation formed in Seattle, Washington, during the 1962 World's Fair. The defendant interested the plaintiff in purchasing some stock in Intercontinental Cuisine, and plaintiff gave defendant three checks in the total sum of $6,875 to make the purchase. The defendant assured plaintiff he would not lose any money on the investment. The facts are not clear as to what happened to plaintiff's money. Some shares of stock were sent to plaintiff, but they were issued in defendant's name, and plaintiff returned them. No other shares were ever issued to plaintiff. Intercontinental Cuisine subsequently went bankrupt. Plaintiff requested the defendant to return his money, and on January 2, 1964, the defendant executed the two promissory notes involved in this action. Each of the notes was in the amount of $3,437.50, and each was without interest. One note was due October 23, 1964; the other October 24, 1965. At the time the notes were executed, the parties entered into a memorandum agreement which provided in part:

"(2) Should Lou Frazen fail to pay either of the notes set forth above he will forfeit all rights to

all outside income and rights, exclusive of the fairs and shows, from the Hickory Farms franchise in his territory."

The first note was not paid when due, and on November 2, 1964, the defendant signed an agreement which provided in part as follows:

"WHEREAS LOU FRAZEN has failed to pay said note mentioned in said Memorandum of Agreement; "IN FURTHER CONSIDERATION of $1.00 cash, receipt of which is hereby acknowledged by LOU FRAZEN, *and forebearance on the part of PHIL ROSS for a period not to exceed three months in the collection of said note,* LOU FRAZEN does hereby waive all rights of any kind and nature as to the sale of the HICKORY FARM PRODUCTS, except for fairs and shows in the territories now designated to him as of this date, and including Idaho, Montana, Washington, Alaska, Wyoming, Oregon and Hawaii. This does not change original agreement on mail orders. (Emphasis added)
"/s/ Lou Frazen"

The defendant did not pay the note within the agreed time and the parties stipulated that a forfeiture was declared and that plaintiff has received some income from the rights forfeited.

1. The defendant presents only two assignments of error. He contends first that the court erred in failing to find that the two promissory notes were without consideration.

This assignment is without merit. ORS 73.4080 states in part: "* * * no consideration is necessary for an instrument or obligation thereon given in payment of or as security for an antecedent obligation of any kind."

The evidence clearly discloses that the notes were given in payment of an antecedent obligation. The

defendant was one of the organizers of Intercontinental Cuisine and later become president. He testified at one time that plaintiff purchased the stock directly from Intercontinental Cuisine and that he had not received plaintiff's checks. Later he testified that he had received and deposited plaintiff's checks in his own bank account. He also stated that the $6,875 paid to him by plaintiff for the purchase of stock represented "the same amount of money I had invested into the corporation. * * * After I sold the stock to Phil Ross I didn't have any money invested in Intercontinental Cuisine." When the stock was issued, it was issued in defendant's name instead of plaintiff's. Plaintiff returned the stock but never received shares in his own name or the return of his money.

It is obvious from defendant's testimony that he sold his entire interest in Intercontinental Cuisine to plaintiff, and that plaintiff received nothing for the $6,875 he gave to defendant. The defendant, being obligated to return plaintiff's money, subsequently executed the two promissory notes involved herein.

It is clear in the instant case that the notes were given by defendant in payment of an antecedent obligation and no additional consideration was necessary.

2. For his second assignment of error the defendant contends the trial court should have found that the defendant's forfeiture of income as provided in the agreement constituted payment in full of the two notes.

The parties' original agreement, executed at the same time as the two notes, provided that if defendant failed to pay either of the notes he would forfeit to

plaintiff certain rights and income from the Hickory Farms franchise in his territory.

The dispute concerns what the parties intended by this provision. The plaintiff testified that the income forfeited by defendant under the agreement was not intended to constitute payments on the two notes. The defendant testified to the contrary, but made no attempt to explain the subsequent agreement executed on November 2, 1964, after he was in default on the first note. In that agreement, the defendant ratified and confirmed the previous agreement to waive or forfeit to plaintiff certain income from his Hickory Farms franchise in consideration of "forebearance on the part of PHIL ROSS for a period not to exceed three months in the collection of said note." The conclusion to be drawn from this language is that at the end of three months the plaintiff would be free to take whatever action was necessary to collect on the notes. Neither agreement contains any language whatsoever to the effect that the forfeited income was to be considered payment of the notes.

Also weakening the defendant's argument is the fact that the notes did not obligate defendant to pay any interest, and at the time of the forfeiture agreement the parties did not know how much income would be received from the rights forfeited. The defendant testified that he had "no idea" how much income he was forfeiting because at that time there were no stores in existence in his territory. Additionally, defendant did not forfeit all of the speculative future income because the agreement excluded income from fairs and shows and the "original agreement on mail orders."

It was a disputed question of fact as to whether

the parties intended the forfeiture income to be considered payment of the notes. The trial court found against the defendant. There was substantial evidence to support the trial court's finding.

Affirmed.