Argued and submitted July 28, affirmed September 22,
reconsideration denied November 20, 1980,
petition for review denied February 18, 1981 (290 Or 491)

# SAMOTH FINANCIAL CORPORATION, LTD.,
## *Appellant,*
*v.*
# MR. MOTO'S COFFEE, TEA & ANTIQUES, INC.,
## *Respondent.*

### (No. A90-452, CA 17182)

616 P2d 1190

Randall E. Thwing, Eugene, argued the cause for appellant. With him on the brief was Thwing, Atherly & Butler, Eugene.

Larry R. Roloff, Eugene, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

THORNTON, J.

## THORNTON, J.

This is a dispute between plaintiff landlord and defendant tenant over the construction of a written lease of store space in Eugene.

Plaintiff brought an FED action in the district court claiming that defendant had failed to pay rent from November, 1978, to October, 1979. After a trial, the court gave judgment to defendant. Plaintiff landlord appeals but fails to designate any assignments of error as required by Rule 7.19 of this court. By way of explaining this violation of the rule, plaintiff's counsel in his opening brief states that "[t]he parties have agreed that for the purposes of appeal, it will be treated as an equity action [sic] and thus, no assignments of error are designated." Defendant's counsel in his answering brief denies that he agreed to treat the FED action as an equity suit, but states that he agreed not to move to strike plaintiff's brief for failure to comply with the rules, as a courtesy to opposing counsel.

■■ This is a law action. Under the above rule assignments of error must be designated in all law actions. Neither the parties nor their attorneys are free to agree to waive the rules. Only the court is authorized to waive compliance.

We note at the outset that an earlier FED action in the circuit court on November 21, 1979, between the same parties resulted in a verdict in favor of defendant and against plaintiff. In that action, the circuit court judicially renewed the lease in issue and resolved all FED issues between the parties at that time pertaining to the right to possess the premises. Subsequently, on or about January 11, 1980, plaintiff brought the present FED action claiming that defendant had again failed to pay its rent as required by the lease. This action likewise ended in a judgment for defendant and against plaintiff.

■■ In the interest of brevity, we will not detail all the evidence. We conclude, after reviewing the record and briefs, that the district court did not err and that

its findings and conclusions are supported by substantial evidence. In a law action tried to the court the findings of the trial judge on disputed issues of fact are treated the same as a jury verdict. The appellate court considers the evidence and all favorable inferences that may be drawn from such evidence in a light most favorable to the prevailing party in the trial court. If those findings are supported by any substantial evidence, they will not be reviewed on appeal. *Hassan v. Guyer,* 271 Or 349, 352, 532 P2d 227 (1975); *White v. Bello,* 276 Or 931, 933, 556 P2d 1362 (1976).

Affirmed.