Argued and submitted November 6, 1992, affirmed in part; reversed in part and remanded with instructions May 12, 1993

SUTHERLIN SCHOOL DISTRICT #130,
*Appellant,*

*v.*

Stephen A. HERRERA
and Mary E. Herrera,
*Respondents,*

*and*

Randall ARRANT,
Rebecca Arrant,
John Doe 1, Jane Doe 1,
John Doe II and Jane Doe II,
*Defendants.*

(90CV-2107CC; CA A73830)

851 P2d 1171

Doyle L. Schiffman, Roseburg, argued the cause and filed the briefs for appellant.

Mark Hendershott, Sutherlin, argued the cause and filed the brief for respondents.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

ROSSMAN, P. J.

---

* Leeson, J., *vice* Buttler, J., retired.

## ROSSMAN, P. J.

Plaintiff school district appeals from the trial court's judgment. It asserted two claims for relief below, one equitable and one legal. Plaintiff's first claim was equitable. It sought a declaratory judgment that it owned a road that is situated on its property and that provides access to the house on defendants' adjoining lot.[1] Defendants counterclaimed for title to a portion of the road by adverse possession. The trial court found for defendants. On appeal, plaintiff contends that the evidence did not establish the elements of adverse possession.

Plaintiff's second claim for relief alleged an action at law: intentional trespass. Although the court determined that defendants had in fact trespassed on plaintiff's property, it refused to award money damages. Plaintiff assigns error to the court's denial of damages. Plaintiff also contends that the court erred in denying its request for costs and disbursements.

■ We first address plaintiff's assignments of error pertaining to its claim for declaratory relief. Because this declaratory judgment proceeding is an action in equity, *Winthers v. Bertrand*, 239 Or 97, 99, 396 P2d 570 (1964), we review the facts *de novo. Neuschafer v. McHale*, 76 Or App 360, 362, 709 P2d 734 (1985); *Poe v. Department of Transportation,* 42 Or App 493, 496, 600 P2d 939, *rev den* 288 Or 173 (1979); ORS 19.125(3).

■ Plaintiff owns a 56-acre lot that contains an administrative office building and a shop for school bus maintenance.[2] A large portion of plaintiff's lot is paved and serves as a parking lot for administrative employees, school buses and patrons of school-related functions that are held at the building. There is also a $100' \times 100'$ graveled section of the lot that is sometimes used for parking. In 1988, defendants purchased a lot adjacent to plaintiff's property. The road to which defendants claim title runs along the eastern border of defendants' property and next to the graveled portion of plaintiff's

---

[1] Plaintiff also sought an injunction requiring defendants to remove all structures that encroached on its land.

[2] School board meetings and other school-related workshops are also held in the building.

lot. It has been used as a driveway to the house on defendants' lot since 1953.

In 1989, defendants converted the house into a veterinary clinic. As part of the conversion, they constructed an addition to the house and a gravel walkway, both of which covered a portion of the road on plaintiff's property. They also erected temporary storage facilities that encroached on plaintiff's land and installed a drainage pipe that emptied its contents onto plaintiff's property.[3]

The trial court determined that defendants had, by adverse possession, obtained title to the portion of the road that had been used as a driveway to the house. It modified the boundary line between plaintiff's and defendants' properties accordingly.[4] The court reasoned that defendants' predecessors had "used the [road] to enter the garage [to the house]. Their use was open, notorious and for the requisite period of time." On *de novo* review, we conclude that the evidence is insufficient to establish that defendants' predecessors acquired title to a portion of the road by adverse possession. At most, the evidence establishes the elements of a prescriptive easement.

■ The trial court's analysis fails to recognize the distinction between an easement by prescription and title by adverse possession. Although both depend on similar elements, adverse possession is based on a claim of *possession, Goorman v. Estate of Heniken,* 244 Or 200, 416 P2d 662 (1966), and an easement by prescription is based on a claim of *use. Kondor v. Prose,* 50 Or App 55, 59, 622 P2d 741 (1981). We have recognized that

> " 'There is a difference between a prescriptive *use* of land culminating in an easement (i.e., an incorporeal interest) and adverse *possession* which creates a change in title or ownership (i.e., a corporeal interest); *the former deals with the use of land, the other with possession*; although the elements of each are similar, the requirements of proof are materially different.' " *Shumate v. Robinson,* 52 Or App 199, 205, 627 P2d 1295 (1981), *quoting Raab v. Casper,* 51 Cal App 3d 866,

---

[3] Defendants removed the storage facilities on the day of the trial.

[4] The court also ordered defendants to remove the drainage pipe and the portion of the addition that extended beyond the new boundary line.

876, 124 Cal Rptr 590, 596 (1975). (Citations omitted; emphasis supplied.)

3 Am Jur 2d, "Adverse Possession," § 6, states:

"Where the question involved is the kind of physical conduct requisite to gaining an easement by prescription * * * the conduct ordinarily required for acquiring the title to real property by adverse possession affords no analogy, inasmuch as *the acquisition of the title to real property by adverse possession contemplates possession and occupation, which are concepts necessarily related to the ownership of an estate in real property but not an easement. One does not possess or occupy an easement * * *; an easement is derived from use, and its owner gains merely a limited use or enjoyment of the servient land.*" (Emphasis supplied.)

In sum, although defendants' predecessors' *use* of the road as a driveway may have established a prescriptive easement[5] over the road, that is not the type of possession or occupation that is associated with a claim of ownership by adverse possession. We conclude, therefore, that defendants' predecessors did not acquire title to a portion of the road by adverse possession. We reverse the modification of the boundary line.

■ Because plaintiff owns the road leading to the house, part of defendants' addition to the clinic and its walkway encroach on plaintiff's property. It has long been the law that

"[n]o person may erect buildings or other structures on his own land so that any part thereof, however small, extends beyond his boundaries and encroaches upon the adjoining premises." *McKee v. Fields*, 187 Or 323, 326, 210 P2d 115 (1949).

There being encroachments, plaintiff is entitled to a mandatory injunction ordering removal of the encroaching structures unless it would be inequitable to compel removal. *Zerr v. Heceta Lodge No. 111*, 269 Or 174, 183, 523 P2d 1018 (1974); *Tauscher v. Andruss*, 240 Or 304, 308, 401 P2d 40 (1965). The Supreme Court has held that:

---

[5] Defendants did not contend below, nor do they contend on appeal, that their predecessors established a prescriptive easement over the road. Accordingly, we do not address that issue. ORAP 5.45. *See also Shumate v. Robinson, supra.*

" '*Under the proper circumstances* the court will consider the relative hardship of the parties and if the removal of the encroaching structure would cause damage to the defendant disproportionate to the injury which the encroachment causes plaintiff, an injunction will not issue.' " *Swaggerty v. Petersen*, 280 Or 739, 747, 572 P2d 1309 (1977), *quoting Tauscher v. Andruss, supra*, 240 Or at 308-09. (Emphasis in original.)

Because defendants themselves are responsible for all of the hardship that moving or dismantling the addition and walkway would entail, we do not believe that this is a proper case to consider the parties' relative hardships. *See Swaggerty v. Petersen, supra*, 280 Or at 748. It was defendants' obligation to ascertain the boundary line's exact location before beginning construction. *See Longview Fibre Co. v. Johnston*, 193 Or 385, 400, 238 P2d 722 (1951). Although the boundary line could have been established by a survey, defendants failed to obtain one. Instead, they chose to build first and ask questions later. We conclude that, under these circumstances, plaintiff is entitled to a mandatory injunction ordering removal of the encroaching structures.

■ We now turn to plaintiff's claim for intentional trespass. Because it is an action at law that was tried to the court, we consider the evidence and all inferences that may be drawn from it in the light most favorable to the prevailing party in the trial court. *Samoth Financial Corp. v. Mr. Moto's Coffee*, 48 Or App 247, 250, 616 P2d 1190 (1980), *rev den* 290 Or 491 (1981). If there is competent evidence to support the trial court's findings, we will not disturb them on appeal. 48 Or App at 250.

■ Plaintiff alleged that defendants trespassed on its property in that they (1) drove their "swamp buggy" over its lawn; (2) provided treatment to some of their animal patients in the gravel portion of plaintiff's lot; (3) parked their vehicles and horse trailers in the gravel lot and allowed their customers to do the same; and (4) piled tires, wheels, and other debris on the gravel lot.[6] Although the trial court determined that defendants' conduct amounted to a trespass,[7] it refused

---

[6] Defendant Stephen Herrera and his assistant at the clinic removed the pile of debris on the day of the trial.

[7] The trial court did not expressly hold that defendants' conduct amounted to a trespass. However, because the court addressed only the issue of damages in its

to award damages[8] because it found the evidence insufficient to establish the damages sought by plaintiff.

■■ It is well settled that a land owner is entitled to prove and recover whatever damages are caused by a defendant's trespass. *Brown v. Dorfman*, 251 Or 522, 526, 446 P2d 672 (1969); *Gymnastics USA v. McDougal*, 92 Or App 453, 457, 758 P2d 881, *rev den* 307 Or 77 (1988); *see also* ORS 105.005. It is essential, however, that both the presence of damage and the causal link between the damage and the trespass be proved with reasonable certainty.[9] *See Cluck et ux v. Fish et al*, 230 Or 63, 66, 368 P2d 626 (1962); *Lawrence v. Underwood*, 81 Or App 533, 538-39, 726 P2d 1189 (1986). If the trier of fact must resort to speculation, conjecture or surmise to find either of those elements, no recovery may be had. *Wintersteen v. Semler*, 197 Or 601, 636, 250 P2d 420 (1953).

Plaintiff sought recovery of $100 for damage allegedly caused when defendants drove their swamp buggy over plaintiff's lawn. Plaintiff also alleged that the gravel parking lot was damaged in the amount of $200 by defendants and their customers having parked their vehicles and trailers there. The trial court found that the evidence did not establish with sufficient certainty that the damage to the lawn and the gravel lot was caused by defendants or their customers. There is competent evidence to support that finding. We therefore affirm on those issues.

■ Plaintiff also sought recovery of a $100 monthly rental fee for the three-year period that defendants and their customers used the gravel parking lot. The trial court denied damages, because it found that the evidence did not establish that defendants and their customers used the lot exclusively. It appears from the record that plaintiff was not asking for the rental value of the entire parking lot, but only for the

---

written opinion, it must have determined that defendants had trespassed on plaintiff's property. Defendants do not assign error to that determination.

[8] The trial court issued an injunction prohibiting defendants from continuing to trespass on plaintiff's property.

[9] The "reasonable certainty" requirement refers to the *type* of evidence that is available to the trier of fact for assessing damages, rather than the quantum of proof. *VonRavensberg v. Houck-Carrow Corp.*, 60 Or App 412, 416-17, 653 P2d 1297 (1982).

portion that defendants and their customers actually used. Although the trial court achieved the correct result, it did so for the wrong reasons.

Richard Smith, superintendent of the school district, testified that he arrived at the $100 figure by "ask[ing] some people what the charge is * * * for a parking rental." The record does not indicate who he consulted in arriving at the $100 fee, nor does it reflect whether those persons were qualified to provide an opinion on the going rate for this type of parking lot. Indeed, Smith admitted that he did not even consider the fact that the parking lot was graveled rather than paved when determining the fee. When damages are capable of being measured accurately and precisely, precise proof must be provided. *See Austin v. Bloch*, 165 Or 116, 119, 105 P2d 868 (1940); *Lindland v. United Business Investments*, 69 Or App 151, 157, 684 P2d 614, *rev'd on other grounds* 298 Or 318, 693 P2d 20 (1984). The rental value of the parking lot was readily ascertainable. Plaintiff, however, did not present evidence that afforded a reasonable basis for accurately determining its loss. Therefore, plaintiff is not entitled to recover rental damages.

In its third assignment of error, plaintiff argues that the court erred in denying its request for costs and disbursements. The court did so because it concluded that each party had prevailed as to a portion of its claim. Our disposition of this matter makes plaintiff the prevailing party; accordingly, we remand for an award of costs and disbursements to plaintiff. *See* ORS 28.100; ORCP 68B.

Affirmed in part; reversed in part; and remanded for an award of costs and disbursements to plaintiff and for an order reversing modification of the boundary line.