Argued and submitted March 4, affirmed November 2, 1994

Gisela THOMPSON,
*Appellant,*

*v.*

Jeanette Lefley DOCKSTADER,
*Respondent.*

(92-5-51; CA A79820)

884 P2d 586

Richard A. Uffelman argued the cause for appellant. With him on the briefs were Daniel M. Pope and Hansen & Uffelman.

James N. Westwood argued the cause for respondent. On the brief were John R. Bakkensen, Gregory A. Chaimov and Miller, Nash, Wiener, Hager & Carlsen.

Before Deits, Presiding Judge, and Riggs, Judge, and Buttler, Senior Judge.*

BUTTLER, S. J.

* Buttler, S. J., *vice* Richardson, C. J.

## BUTTLER, S. J.

In this action on a promissory note, the trial court, without a jury, entered findings of fact[1] from which it concluded that the note was not enforceable, "because it was given without consideration." The action was then dismissed with prejudice. Plaintiff appeals, contending that no consideration was necessary, because the note was given "as security for an antecedent debt." *Former* ORS 73.4080.[2] We consider the evidence and all favorable inferences that may be drawn therefrom in the light most favorable to defendant, the prevailing party. *Samoth Financial Corp. v. Mr. Motor's Coffee*, 48 Or App 247, 250, 616 P2d 1190 (1980), *rev den* 290 Or 491 (1981).

In order to understand the dispute, a history of the events that led up to it is necessary. Defendant and her husband owned and operated C. H. Cordson Company, Inc. (Cordson). In the spring of 1986, James Thompson loaned $20,000 to Cordson, evidenced by a promissory note, signed by defendant as corporate secretary, dated April 17, 1986, and payable to Thompson or order (Note #1). Only one interest payment was made on the note before Thompson died on February 27, 1987, leaving a will under which plaintiff, his wife, was the personal representative and residuary beneficiary of his estate.

Note #1 was an asset of Thompson's estate. Plaintiff executed a general power of attorney designating Westphal, her daughter-in-law, as her attorney-in-fact to handle her business affairs, including those relating to her husband's estate. Westphal contacted defendant to discuss Note #1. The parties differ as to what was said at that time. Westphal testified that she told defendant that, if Cordson was unable

---

[1] Neither party requested special findings. ORCP 62.

[2] *Former* ORS 73.4080 (*repealed by* Or Laws 1993, ch 545, § 126) provided:

"Want or failure of consideration is a defense as against any person not having the rights of a holder in due course as provided in ORS 73.3050, except that no consideration is necessary for an instrument or obligation thereon given in payment of or as security for an antecedent obligation of any kind. Nothing in this section shall be taken to displace any statute outside the Uniform Commercial Code under which a promise is enforceable notwithstanding lack or failure of consideration. Partial failure of consideration is a defense pro tanto whether or not the failure is in an ascertained or liquidated amount."

to make any payment on the note, another note would have to be executed to make the note payable to James or Gisela Thompson (plaintiff), and to provide additional collateral or guaranty for Note #1; that defendant agreed that she would sign the note personally, and that Cordson and Whip Western would be included as obligors. Defendant, on the other hand, testified that Westphal told her that she needed to renew the company's note, and asked her to sign a "different note" adding plaintiff as a payee so that the estate could file its federal estate tax return; Westphal did not tell her that she would be personally liable, and she did not understand that she would be; Westphal did not tell her that the new note was to secure payment of Note #1, and she believed that she signed the new note only for the purpose of helping Westphal file the estate tax return.

Defendant signed the new note (Note #2) on June 23, 1987, payable to James or Gisela Thompson; the note was past due on execution, its due date being the same as Note #1, April 17, 1986. Westphal retained Note #1. Defendant does not dispute plaintiff's contention that, if Note #2 was signed as security for Cordson's antecedent obligation or was in payment for it, no consideration was necessary to support defendant's promise to pay. ORS 73.4080; *Musulin v. Woodtek, Inc.*, 260 Or 576, 491 P2d 1173 (1971); *Ross v. Frazen*, 259 Or 526, 487 P2d 888 (1971).

Plaintiff argues that the trial court erred in dismissing her claim in that it erroneously concluded, as a matter of law, that Note #2 was unenforceable for want of consideration. She insists that the court's conclusion is not supported by its findings, which did not include an express finding that Note #2 was not given as security for the antecedent debt of Cordson. It is true that that question is one for the factfinder. *Musulin v. Woodtek, Inc., supra*. In this case, resolution of that question depends on whether Westphal or defendant is to be believed. The trial court expressly found that Note #2 was "issued to renew Note #1, and was not in payment for it." It also found that Westphal told defendant that "they needed to draft a second note, payable to Mrs. James W. Thompson, for estate tax purposes." Those findings are supported by the evidence and necessarily mean that the court did not believe plaintiff's evidence to the contrary.

■■ The existence of an antecedent debt, alone, does not establish that Note #2 was intended to serve as security for that indebtedness. The intention of the parties controls. *Graves v. Porterfield*, 555 So 2d 595, 599 (La C App 1989). Although the court did not expressly state that Note #2 was not given as security for Cordson's antecedent debt, it did find that it was not given in payment for it, but to renew it, and that it was executed by defendant to assist Westphal in the preparation of the federal estate tax returns. For the court to have found or concluded that the note was given as security for Note #1 would have been inconsistent with the findings that it did make.

The court's conclusion of law that Note #2 "is unenforceable because it was given without consideration" necessarily means that it had concluded that consideration was necessary, because the note had been given to facilitate the filing of the estate tax return, not as security for, or in payment of, an antecedent debt. The trial court's findings support its conclusion.

Affirmed.