Argued and submitted October 27, reversed and remanded December 22, 1999

HUTCHINSON, ANDERSON, COX and
COONS, P. C.,
an Oregon Professional Corporation,
fka Hutchinson, Anderson, Cox,
Parrish and Coons, P. C.,
*Respondent,*

*v.*

Richard CRONK,
*Appellant.*

(16-97-06018; CA A103273)

992 P2d 488

Daniel W. Goff argued the cause and filed the briefs for appellant.

William H. Sherlock argued the cause for respondent. With him on the brief were Jessica L. Wood, Stephen A. Hutchinson, and Hutchinson, Anderson, Cox, Coons & DuPriest, P. C.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

PER CURIAM

## PER CURIAM

Defendant appeals from a judgment in favor of plaintiff on its action to recover on a promissory note executed by defendant. The trial court entered the judgment after it granted a directed verdict for plaintiff under ORCP 60 at the close of plaintiff's case.[1] In his amended answer, defendant alleges several affirmative defenses, including real party in interest, waiver, laches, partial failure of consideration and complete failure of consideration. Those defenses could present factual issues, including whether the note was intended to secure payment for future legal services. *See Thompson v. Dockstader*, 131 Or App 254, 884 P2d 586 (1994) (reasoning that whether a note is given as security for an antecedent debt is a question for the factfinder). As a result of the trial court's ruling, defendant was precluded from attempting to prove his affirmative defenses. ORCP 60 authorizes a motion for a directed verdict "at the close of all the evidence," or "at the close of the evidence offered by an opponent." Neither situation occurred here, and, consequently, the trial court erred.[2] Because of our disposition, we do not reach defendant's other arguments.

Reversed and remanded.

---

[1] ORCP 60 provides, in part:

"Any party may move for a directed verdict at the close of the evidence offered by an opponent or at the close of all the evidence."

[2] We do not decide what evidence is admissible in support of defendant's defenses.