Argued and submitted December 6, 2004, affirmed June 1, petition for review denied October 4, 2005 (339 Or 406)

## Elizabeth LOEBACH,
*Appellant,*

*v.*

## OREGON STUDENT PUBLIC INTEREST RESEARCH GROUP,
*Respondent.*

0108-08644; A121533

112 P3d 461

Gordon S. Gannicott argued the cause for appellant. With him on the briefs was Hollander, Lebenbaum & Gannicott.

David A. Bahr argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

ARMSTRONG, J.

## ARMSTRONG, J.

Plaintiff filed an action against defendant Oregon Student Public Interest Research Group (OSPIRG) on a wage claim. She appeals from a judgment for OSPIRG and assigns error to the court's conclusion that she was exempt under ORS 653.020(3) from state minimum wage and overtime laws, ORS 653.025 and ORS 653.261. We affirm.

Because OSPIRG prevailed on a legal claim tried to the court, we consider the evidence and all inferences that may be drawn from it in the light most favorable to OSPIRG. *Sutherlin School Dist. #130 v. Herrera*, 120 Or App 86, 91, 851 P2d 1171 (1993). Plaintiff worked as a campus organizer for OSPIRG at Portland State University (PSU) from July 2000 to April 2001.[1] As the campus organizer, plaintiff was substantially responsible for forming, and entirely responsible for administering, OSPIRG's plan and strategy for its activities at PSU. She developed relationships with PSU faculty, staff, and students in the course of promoting support for OSPIRG. She also developed a number of programs, recruited students to participate in OSPIRG activities, and trained and supervised interns. Plaintiff worked at least 60 hours a week for OSPIRG and was paid a salary of $17,500 a year, or $1,458.33 per month.

After her employment with OSPIRG had ended, plaintiff brought this action, alleging that OSPIRG had violated Oregon's minimum and overtime wage laws by not paying her the amount that she was entitled to receive under those laws for her work as its employee. The parties disputed at trial whether plaintiff was an administrative employee, as that term is defined in OAR 839-020-0005(2), and was therefore excluded by ORS 653.020 from coverage under the minimum wage statute, ORS 653.025, and the overtime statute, ORS 653.261.

---

[1] We note that OSPIRG describes itself as "a nonprofit organization that encourages and enables students to become active in their campus communities and the community at large on matters vital to the public interest including environmental and consumer protection, the preservation and advancement of public health, and citizen participation in the democratic process."

ORS 653.020 provides, as relevant:

"ORS 653.010 to 653.261 [do] not apply to any of the following employees:

"* * * * *

"(3)   An individual engaged in administrative, executive or professional work who:

"(a)   Performs predominantly intellectual, managerial or creative tasks;

"(b)   Exercises discretion and independent judgment; and

"(c)   Earns a salary and is paid on a salary basis."

After considering the evidence, the court determined that ORS 653.020 applied to plaintiff and that it exempted her from coverage under ORS 653.025 and ORS 653.261. Plaintiff argues that the court erred in making that determination because the evidence at trial was insufficient to permit the court to find that OSPIRG had paid her on a salary basis, as required by ORS 653.020(3)(c).

■■    Before turning to the merits of that argument, we first consider whether plaintiff has preserved the issue.

"Legal insufficiency of the evidence may be raised on appeal only if the issue was raised below by a motion pursuant to ORCP 54 B(2) or a timely equivalent. *Falk v. Amsberry*, 290 Or 839, 843-45, 626 P2d 362 (1981)."

*Holbrook v. Precision Helicopters, Inc.*, 162 Or App 538, 545, 986 P2d 646 (1999), *rev den*, 329 Or 527 (2000). Plaintiff argued below that she was not an exempt employee under ORS 653.020 because she was not paid on a salary basis. According to plaintiff, employees are paid on a salary basis only if they are paid the minimum wage for each hour that they actually work. Thus, her theory was that ORS 653.020(3) does not exclude an employee from coverage under the minimum wage and overtime statutes unless the employee is paid a salary that, when divided by the number of hours actually worked, is at least the minimum wage.[2] The

---

[2] For example, under plaintiff's theory, if plaintiff worked 400 hours in a month, she would not be exempt under ORS 653.020(3) for that month unless she was paid a salary of $2,600 that month (400 hours multiplied by $6.50 per hour).

evidence established, and the parties agreed, that plaintiff had not received a salary that paid her the minimum wage for every hour that she had worked. Consequently, in light of the evidence in this case, the parties and the court understood plaintiff's argument to present solely a legal issue for the court. We conclude, therefore, that plaintiff's first assignment of error was preserved.

■ On appeal, plaintiff renews some of the arguments that she made below. She argues that it is uncontested that she worked at least 60 hours a week. She contends, therefore, that she was not exempt from the minimum wage and overtime statutes because OSPIRG did not pay her a salary of at least $20,280 per year (60 hours multiplied by 52 weeks multiplied by $6.50 per hour), or $1,690 per month.

OSPIRG responds that the relevant rules and statutes did not require it to pay plaintiff the minimum wage for every hour that she actually worked. It cites *former* ORS 653.010(10) (1999), *renumbered as* ORS 653.010(9) (2003), as support for its position. *Former* ORS 653.010(10) (1999) provided that, "[a]s used in ORS 653.010 to 653.261, unless the context requires otherwise" the term " '[s]alary' means no less than the wage set pursuant to ORS 653.025, multiplied by 2,080 hours per year, then divided by 12 months." OSPIRG contends that the number of hours that an employee works has no bearing on whether the employee is paid on a salary basis. Rather, an employee is paid on a salary basis if the employee is paid a monthly salary of at least the wage set by ORS 653.025 ($6.50 in 2000 and 2001) multiplied by 2,080 hours and divided by 12 months. That amount is $1,126.67 per month. It is uncontested that OSPIRG paid plaintiff a monthly salary of $1,458.33, which, in OSPIRG's view, means that it paid plaintiff on a salary basis.

We note that neither party has challenged the validity of OAR 839-020-0005(2)(d). In construing the rule, we apply the same analytical framework that applies to the construction of statutes and first examine the rule's text in context. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 612 n 4, 859 P2d 1143 (1993). Context includes related statutes

and rules. *Id.* at 611. *Former* ORS 653.010(10) and OAR 839-020-0004 provide context for the meaning of OAR 839-020-0005(2)(d). Both define the term "salary." As noted above, *former* ORS 653.010(10) establishes a formula for determining a minimum monthly amount that is a "salary" as that term is used in ORS 653.010 to 653.261. OAR 839-020-0004 provides in turn that,

"[a]s used in ORS 653.010 to 653.261 and these rules, unless the context requires otherwise:

"* * * * *

"(29) 'Salary' means a predetermined amount constituting all or part of the employee's compensation paid for each pay period of one week or longer (but not to exceed one month) and in no instance will be any amount less than required to be paid pursuant to ORS 653.025."

In light of *former* ORS 653.010(10) and OAR 839-020-0004, it is evident that the language in OAR 839-020-0005(2)(d) that refers to payment on a "salary basis" refers to the minimum salary established by *former* ORS 653.010(10) using the minimum wage established by ORS 653.025. Because it is uncontested that OSPIRG paid plaintiff a salary of greater than $1,126.67 per month, we reject her argument that the trial court erred in concluding that she was employed on a salary basis.[3]

Plaintiff's second assignment of error is that the trial court erred in finding that her primary duty for OSPIRG was one of those described in OAR 839-020-0005(2) because OSPIRG failed to present sufficient evidence to support that finding.[4] At trial, plaintiff did not move for entry of a judgment in her favor based on the sufficiency of the evidence to

---

[3] If plaintiff's interpretation of ORS 653.020 were correct, then it would mean that employees are exempt from the minimum wage statute if they are paid a salary that pays them no less than the minimum wage for each hour that they work. In other words, employees would be exempt from the minimum wage statute as long as they were paid the minimum wage, which would be an illusory exemption from that statute.

[4] OAR 839-020-0005(2) provides, in part:

" 'Administrative Employee' means any employee:

"(a) Whose primary duty consists of either:

"(A) The performance of office or non-manual work directly related to management policies or general business operations of the employee's employer or the employer's customers; or

support a finding in OSPIRG's favor on her job duties. Consequently, her second assignment of error is unpreserved and we do not consider it. *Holbrook*, 162 Or App at 545.

Affirmed.

---

"(B) The performance of functions in the administration of a school system, or educational establishment or institution, or of a department or subdivision thereof, in work directly related to the academic instruction or training carried on therein[.]"