Argued December 5, affirmed December 31, 1957

SMITH ET UX *v.* DRESSLER ET AL

319 P. 2d 578

*George W. Kellington,* Medford, argued the cause for appellants. On the brief were Roberts, Kellington & Branchfield, Medford.

*Sam B. Harbison,* Medford, argued the cause for respondents. On the brief were Crum and Harbison, Medford.

Before LUSK, Presiding Justice, WARNER and KESTER, Justices.

PER CURIAM.

This is a suit in equity brought by the plaintiff-respondent Nate H. Smith to be declared the owner of an easement over a certain road known as the Guthrie

Road, running from his premises through the lands of the defendants-appellants Dressler to where it joins with what is called the Livingston Road, thus affording access to the Jacksonville-Willow Springs Road, a public highway in Jackson County. From a decree declaring Smith to be the owner of such easement, the Dresslers bring this appeal.

From our examination of the 280 pages of transcript of testimony and the numerous exhibits, including many informing photographic presentations of the areas involved, and also the well-considered opinion of the experienced trial judge, we believe the decree should be affirmed. On coming to this conclusion, we are not only persuaded by the trial judge's superior opportunity to evaluate the testimony of the thirteen witnesses, but give weight to the additional advantage which the court had from a personal inspection of the premises.

There is another reason for our reliance on the trial judge's findings. In this matter the numerous exhibits included four aerial pictures and three maps of the area involved. Much of the testimony is by witnesses' references to various places and things, the location of which they indicated by pointing them out on these exhibits for the information of the court. Seldom were they requested to make identifying marks on the exhibits which would enable us to here capture the same meaning that their finger pointing conveyed to the judge. To that extent, the intended value of such testimony is lost to us and in lieu of such an incomplete record in that respect, we are compelled to look through the eyes of the trial court and envision what he saw in so far as what he thus learned is reflected by his opinion and findings of fact. To avoid this species of an unnecessary diminution of the rec-

ord for its most effective purposes on appeal, we commend to counsel and the bar, generally, our past solicitations for a record which will bring to us the same information captured by a jury or trial judge when exhibits of this character are relied upon in that manner. See *Birks v. East Side Transfer Co.,* 194 Or 7, 38, 241 P2d 120; *Wellman v. Kelley and Harrison,* 197 Or 553, 570, 252 P2d 816, wherein we have cautioned against such incomplete records of what transpired during the trial.

Affirmed.