Argued October 27, affirmed as modified December 17, 1958,
petition for rehearing denied January 27, 2d petition for
rehearing denied—opinion modified February 25,
petition for rehearing denied April 15,
1959

## EMRICH *v* EMERY ET AL

332 P. 2d 1045
335 P. 2d 604
337 P. 2d 972

*Don Walker* argued the cause for appellants. On the briefs were Crum, Walker & Buss, Portland.

*A. S. Grant* argued the cause for respondents. On the brief were Grant, Fuchs, Rose & Daron, Baker, and Donart & Donart, Weiser, Idaho.

Before PERRY, Chief Justice, and WARNER, McALLISTER, SLOAN and O'CONNELL, Justices.

## SLOAN, J.

The defendants Emery appeal from a decree foreclosing real and chattel mortgages on two motels in Baker and from the denial of affirmative relief prayed for in a cross complaint filed by defendants. There were other defendants named in the complaint, but none of them is involved in this appeal with the exception of the defendant Emrich Furniture Company, a corporation. For convenience we will refer to defendants-appellants Emery as "defendants" and the corporate defendant as "company."

Prior to this foreclosure proceeding the defendants were the owners of the two motels in Baker. The more valuable of the two was situate on the outskirts

of that city and, at the time this proceeding was filed, was known as Emery Motel. The other was known as the City Center Motel and was so situate. For several years prior to the filing of the complaint herein plaintiff, the defendants and the company had engaged in extensive financial and property transactions. The transcript of testimony contains almost 900 pages, plus numerous exhibits, from which the parties seek to infer conflicting legal relationships and commitments from a confusing tangle of poorly kept records and verbal undertakings. We think it would serve no useful purpose to fill the many pages that would be required to attempt to describe these events in detail. The facts are of interest only to these parties. The law involved is well settled and not in dispute. It is sufficient for our purpose to state that during the years involved the plaintiff and, to an extent, company, gave financial assistance to defendants to enable the latter to furnish the motels and refinance obligations incurred in their construction. At the time of this foreclosure the indebtedness thereby created was in excess of $52,000. Since the decree was entered all the property has been sold in accordance with the provisions thereof, and there now remains a substantial deficiency.

Dedendants attempted to avoid the foreclosure by asserting that plaintiff had been guilty of conduct which induced defendants to believe he would not foreclose and would accept payment other than that specified in the mortgages; that he should be estopped from any foreclosure. We agree with the trial court that there is just no evidence to sustain this defense. It is only necessary to mention that no payment of any kind had been made upon the mortgages foreclosed by the decree herein. The defendants also

contended that plaintiff is without clean hands. There is no merit to this contention. Each party was guilty of carelessness and laxity in failing to make or preserve any record or writing of the alleged agreements they now seek to prove. This was apparently the result of the confidence and trust, as well as affection, each possessed for the other during most of the time involved. There is certainly no evidence of deliberate misleading or overreaching, nor of any act or omission on the part of plaintiff to intentionally lull the defendants into a belief that he would indefinitely overlook their continuing default. We find the equities to be more evenly balanced. True, the defendants have lost substantial property interests acquired by hard work and extensive credit. But the plaintiff has also sustained substantial loss on the money he advanced to the defendants in the efforts made to avoid default on the antecedent indebtedness. The defendants' brief attempts to show that plaintiff will acquire property of much greater value than the amount of the indebtedness mentioned. The record does not sustain this statement.

By cross complaint the defendants sought to transpose a deed into a mortgage. The property conveyed by the deed was a lot immediately adjacent to the City Center Motel. The property was directly across the street from the furniture store operated by defendant company. This lot and the City Center property were acquired by defendants at the same time and by the same transaction.

The deed from defendants was absolute on its face and warranted good title free and clear of liens or encumbrances. The grantee therein was the defendant company. This deed was dated and executed on November 18, 1952.

In September or October of 1952, however, defendant Emery had started construction of a pumice block building on this lot. It is admitted that this building was being built to provide the defendant company with a warehouse and second hand store it desired. The evidence would support a finding that the officers of defendant company had previously sought such a building located close to the company's store. The defendant company, through its manager, advanced approximately $7,400 toward the cost of the building. The first advances were made prior to the date of the deed previously mentioned. During this period of time defendants were heavily indebted to plaintiff and others, including a mortgage encumbrance on the lot in question upon which the building was being built.

■ Defendants contend that they were to retain ownershop of the lot and building and that the advances made to them were a loan to pay for materials and other costs of the building. Most of the labor was performed by Emery personally. They say the deed was given and accepted to secure these advances or loans and should, therefore, be declared a mortgage; that a monthly rental was agreed upon and that this rental was to be credited upon the so-called loan until the loan, plus interest, was thereby satisfied. The defendant company has been in possession of the building since December of 1952. The plaintiff, who is the president of defendant company, and the company, by its manager, contend that Emery agreed to build the building for the company at a contract price of $7,500 and to sell company the lot upon which it was built for $1,000. It is conceded and established, however, that this $1,000 was to be paid to the person then holding the mortgage on the lot as consideration

for a partial release thereof to clear title to the property. This was not accomplished. The trial court found that defendants had failed to prove that the deed was a mortgage by a preponderance of the weight and clarity of evidence required to sustain this contention. *Sweek v. Bennett,* 133 Or 388, 396 290 P 747; *Harmon v. Grants Pass Banking & Trust Co.,* 60 Or 69, 118 P 188. We concur in this finding. Other than the defendants' own assertions the evidence is to the contrary. There is no evidence to establish that they had ever made this claim until the filing of the cross complaint herein. From the date of the deed until the filing of the cross complaint the acts and writings of the defendants contradict this later claim of ownership. The deed was executed without reservation. When defendants later prepared written statements purporting to include all the property then owned by them this property was not included. Most persuasive is their failure to include it in depreciation schedules filed with income tax returns and the equal failure to include as income in such returns the rental alleged by them to have been credited on the indebtedness they assert existed. Nor is any interest accruing on such a loan charged as a deduction in the tax returns. The only explanation offered by defendants for these omissions is that the value thereof was included in the returns with the City Center Motel property; that they "lumped" the property together for the depreciation schedule of the tax returns. However, the value listed as the City Center Motel property in the returns is much less than the combined value these defendants placed upon these properties for other purposes, including their testimony in this case. The explanation is wholly inadequate to explain this most conclusive evidence. There is no evidence that there

was any agreement to reconvey the property in the event the alleged indebtedness was satisfied. We have not attempted to recite all the detailed evidence presented on this issue. Its omission should not be taken as any indication that all the record has not been fully considered. However, the evidence is conclusive that defendants were never paid for the lot in any amount. The trial court accordingly found that the value of the lot at the time the deed was delivered was $3,500 and awarded defendants a judgment in that amount. We likewise concur in that finding and portion of the decree.

There is a similar lack of evidence to sustain plaintiff's and the company's contention that defendants contracted to build this building for $7,500. The only evidence of such an agreement is the testimony of the manager of the defendant company. It is not supported in any way. The manager's explanation of the transaction and the attendant circumstances he relates are simply not capable of persuasion or belief. It is admitted that the $7,500 would no more than pay for the material, if it would do that. It was established that this would have fixed the entire cost of construction at about $2 per square foot, an absurd cost for even the type of building mentioned. It is further conceded that this would have paid defendant Emery nothing for his labor. The manager's explanation that Emery told him that it was being done as a favor is not quite realistic considering the rather dire financial straits of the defendants at the time. We are, therefore, left with a rather anomolous situation. The company has enjoyed the possession of a lot and building for which they have never paid adequate consideration. This peculiar result can only be explained by the haphazard and unbusinesslike con-

duct of these parties previously mentioned. The plaintiff and company should not be permitted to profit by these mutual mistakes. The trial court did award defendants an additional judgment of $1,000 which the court found to have been expended by defendants in the construction of the building. From what has been said it appears that this award does not fully compensate defendants for the reasonable value of labor expended on the building nor the full value of materials used. The evidence is not sufficient to enable us to find the value of such labor and materials. We are of the opinion that the full determination of the equities of all the parties requires that this be done. The pleadings can be construed to permit the introduction of evidence sufficient to make this finding.

■■ It has previously been stated that the complaint seek foreclosure of real and chattel mortgages. It also seeks a deficiency judgment. The defendants' answer, in addition to the obligations previously mentioned, contains averments seeking to require plaintiff and company to account for amounts defendants allege are due to them. This, together with a prayer for general relief, is sufficient to enable the court to make this determination. *Monese v. Struve,* 155 Or 68, 81, 62 P2d 822. We think it equally appropriate to apply the rule that a "court of equity, having jurisdiction of the subject matter of a suit or having acquired jurisdiction over some portion of the controversy, will proceed to decide the whole issue and award complete relief, although the rights of the parties are strictly legal and the final remedy is of a kind that may be granted by a court of law. [Citing cases.]" *Ruby v. West Coast Lumber Co.,* 139 Or 388, 393, 10 P2d 358.

We, therefore, remand the case to the trial court to take such additional testimony as may be necessary

to find the reasonable value of the labor and materials supplied by defendants for which consideration has not been paid.

The defendants also claim damages for wrongful foreclosure. The answer to this is obvious. Complaint is also made of the inadequacy of damages awarded by the trial court for windstorm damage to one of the buildings involved for which plaintiff had become an insurer. The award was in keeping with the only relevant evidence submitted. The decree as entered will be modified to this extent and is otherwise affirmed. Neither party shall recover costs.

The decree is affirmed as modified.

**ON REHEARING**

Don Walker, Portland, for the petition.

Before PERRY[*], Chief Justice, and WARNER, McALLISTER[**], SLOAN and O'CONNELL, Justices.

[*] Chief Justice when case was argued.
[**] Chief Justice when this decision was rendered.

OPINION MODIFIED; PETITION DENIED.

## SLOAN, J.

■ Defendants Emery petition for rehearing and ask that if the petition is denied, in the alternative, the amounts we allowed as setoffs be applied on the debt secured by the mortgage foreclosed as of the date of the filing of the complaint herein. They further urge if the amount thereof equals or exceeds the amount of the default in payment of the debt, that the foreclosure be denied. This court has previously held that an equity court may allow a setoff in a suit to foreclose a mortgage when the equities of the parties require it. *Pearson v. Richards*, 106 Or 78, 94, 211 P 167. In fact, in this case the right to claim these setoffs has not been challenged. See *Hanna v. Hope*, 86 Or 303, 307, 168 P 618. We believe the facts of this case warrant the application of the setoffs here allowed to the debt due.

■ As mentioned in our former opinion, there were two mortgages which the plaintiff was attempting to foreclose. The suit to foreclose the mortgage on the property identified as the Emery Motel was denied. This was for the reason that payments made to plaintiff by a lessee of that property and credited on that mortgage were in excess of the amount of payment then due. Consequently, when the trial court determines the amount defendants are entitled to have credited on the foreclosed mortgage the excess of these payments should likewise be credited on the amount due plaintiff on the foreclosed mortgage. The plaintiff should not be entitled to apply all the payments on the one mortgage under these circumstances. As of the date of the filing of the complaint herein these excess payments would be the equivalent of an over-

payment of the total amount of the indebtedness due. In that event the defendants would be entitled to recover any overpayment by an appropriate action at law. In this instance, therefore, it is only equitable that the defendants are entitled to have this excess applied on the defaulted indebtedness. 3 Jones on Mortgages, 627 et seq., § 1899.

We come now to the question of interest. It should be borne in mind that the principal relief sought by defendants was a determination that a deed to real property, absolute on its face, was, in fact, a mortgage. We sustained the finding of the trial court that defendants were not entitled to this relief. However, we did allow defendants to recover the reasonable value of labor and materials used in the construction of a building on the property in question, for which plaintiff had never paid. By reason of the prayer for general equitable relief a court of equity will exercise the power to award interest when, "under all the circumstances of the case, [it] seems equitable and just * * *." 47 CJS 14, Interest § 3; *Ruth v. Hickman,* 214 Or 490, 330 P2d 722. If, in this case, we had held the deed in controversy was a mortgage then, in that event, defendants would have been entitled to reasonable rental for the occupancy of the premises. We have held that defendants do not own the building and are not entitled to compensation for its use. However, we have held that plaintiff and defendant furniture company have not paid full consideration for the building and thereby have had the effect of the use and benefit of defendants' money for the period of time they have occupied the building. We believe that with regard to this particular item we should exercise our equitable discretion and allow interest on the sum the trial court finds is still due defendants from the

date of the defendant furniture company's occupancy of the building. Sedgwick on Damages (9th ed) 625, § 315. The same rule should apply to the item of $3,500 allowed as the value of the lot upon which the building was built.

■ As to the amount allowed for the failure of plaintiff to insure and the resultant damage by windstorm, interest shall run from the date of the trial court's decree. Interest on this item we believe is governed by *Calcagno v. Holcomb*, 181 Or 603, 185 P2d 251, and similar cases.

■ As to the excess payments on the Emery Motel mortgage we believe interest on this should date from the date the excess payments were made. This sum was unknown but readily determined by computation. *Public Market Co. v. Portland*, 171 Or 522, 625, 130 P2d 624, 138 P2d 916.

The former opinion is thus modified and the petition for rehearing denied.

## ON REHEARING

Donart & Donart, Weiser, Idaho, and Grant, Fuchs, Rose and Daron, Baker, for the petition.

Before Perry,* Chief Justice, and Warner, McAllister,** Sloan and O'Connell, Justices.

PER CURIAM.

Plaintiff-respondent now petitions for rehearing by reason of certain of the modifications made in our original opinion upon appellant's previous petition for rehearing. *Emrich v. Emery,* on petition for rehearing.

By his petition and brief in support thereof plaintiff principally complains because we required excess payments on one mortgage to be credited upon the balance due on another mortgage as of the date of the filing of the complaint of foreclosure. Plaintiff indicates this will upset the decree of foreclosure entered by the trial court and the subsequent sale of the property foreclosed by reason thereof. This does not appear to us to be a likely result. The mortgage last mentioned was clearly in default long prior to the time of the filing of the complaint; the plaintiff had been fully justified in exercising his right to acceleration of the debt due and, therefore, as of the date of the filing of the complaint the entire sum due and payable and secured by that mortgage was the amount in default. Perhaps we should have made this precise finding in our former opinion but deemed it unnecessary.

---

* Chief Justice when case was argued.
** Chief Justice when this decision was rendered.

The amounts we allowed to be credited on that indebtedness could not avoid that default. 1 Wiltsie, Mortgage Foreclosure 101, § 54 et seq.

■ Both the parties have endeavored to call our attention to events which have transpired subsequent to the decree of the trial court herein and the appeal to this court. We have no record before us of which we can take notice of such events. Consequently, we were obliged to require the trial court to find the amounts for which the defendants Emery were entitled to credit and to apply them to the over-due indebtedness on the mortgage foreclosed. We could not tell if such sums were sufficient to effect a redemption of that mortgage but certainly these defendants were entitled to be credited therewith and upon the deficiency judgment entered. We agree with plaintiff, however, that the surplus payments on the Emery mortgage should have been applied to the City Center mortgage as of the date such payments were made.

■ As a part of his brief, designated assignment No. 2, plaintiff also complains that the offsets which we allowed defendants Emery against the Emrich Furniture Co. should not be allowed as an offset against the indebtedness due the plaintiff Emrich. As indicated in our original opinion, the transactions and accounts of these three parties were so hopelessly interwoven that it was impossible to disentangle the web they had woven for themselves. A further review of the pleadings and evidence confirms our original belief that there is little to distinguish between the plaintiff Emrich as an individual and the defendant Emrich Furniture Co., his alter ego, as a separate entity. For this reason it was our belief, and still is, that the indebtedness due defendants Emery from the Emrich

Furniture Co. should be applied on the amounts found due from these defendants to the plaintiff.

For his third assignment, plaintiff claims that we were in error in allowing interest on the amount the trial court allowed for damage by windstorm for the reason that the trial court applied that amount against the amount found due on the foreclosed mortgage. Obviously, when such amounts were actually credited, it was the equivalent of payment and no further interest would accrue. Inasmuch as this amount was credited in the decree of the trial court and not at the time of sale, no interest would have accrued.

Petition denied.