Argued January 19, affirmed March 8, 1961

# BROOKE ET UX *v.* AMUCHASTEGUI ET UX

360 P. 2d 275

*David M. Spiegel,* Portland, argued the cause for appellants. On the briefs were Lenske, Spiegel & Spiegel, Portland.

*Clifford E. Nelson,* Portland, argued the cause for respondents. On the brief were Phelps, Nelson & Shepherd, Portland.

Before McAllister, Chief Justice, and Warner, Sloan, O'Connell and Lusk, Justices.

WARNER, J.

The parties own adjoining residential properties in the city of Portland. Each tract constitutes part of Lots 9 and 10 in Block 22 of the First Addition to Holladay Park Addition in said city. Each of said lots as platted were 100 x 50 feet, with 50 feet fronting on the north side of northeast Clackamas Street, and with their northerly 50 feet abutting the south

line of an alley running east and west through the center of Block 22. The westerly boundary of Lot 10 coincides for a distance of 100 feet with the easterly line of northeast 26th Avenue.

In 1926 the two lots were owned by Mary C. Vogt who in that year carved therefrom a parcel described as follows:

"West 30 feet of North 43.15 feet of Lot nine (9), and the North 43.15 feet of Lot ten (10), Block twenty-two (22), First Addition to Holladay Park Addition, in the City of Portland, County of Multnomah and State of Oregon."

We will hereinafter refer to this tract as Parcel A. In 1958 defendants by mesne conveyances acquired title to the foregoing parcel.

In June, 1926, Mrs. Vogt conveyed to plaintiffs the following-described tract:

"Lot Nine (9), Block Twenty Two (22), excepting the North 43.15 feet of the West 30 feet thereof, in First Addition to Holladay Park Addition, within the corporate limits of the City of Portland, in said County and State."

This we will call Parcel B.

When Parcels A and B are plotted according to the foregoing descriptions, it will be observed that the rear, or easterly, boundary of Parcel A coincides with the westerly boundary of Parcel B for a distance of 43.15 feet, i.e., beginning at a point on the southerly boundary of the alley and extending in line southerly that distance to the southeast corner of Parcel A. The instant litigation concerns this boundary line.

Plaintiffs in their complaint allege that ever since June, 1926, they have been in actual, exclusive, open, notorious, uninterrupted and adverse possession of a small piece of land 22½ inches wide and 43.15 feet

long, lying immediately west of the easterly boundary of Parcel A as it is described above. Defendants deny this claim of ownership and assert that their true easterly boundary follows the line as described in their deed of 1958.

The decree confirmed ownership in the plaintiffs to a strip 17 inches wide and 43.15 feet in length along the easterly boundary line of Parcel A. This is 5½ inches less in width than prayed for by plaintiffs. The decree also dismissed defendants' counterclaim for damages. From this holding of the trial court, defendants appeal, but plaintiffs do not cross-appeal.

Plaintiffs contend that when they took possession of Parcel B in 1926 the entire backyard of the parcel was enclosed by a fence. A redwood fence about five feet high had been erected along the westerly line of the property in dispute, running northerly and at right angles to the alley line a distance of 19.33 feet where it extended to and abutted against the east wall of a garage previously erected upon Parcel A. The fence and east garage wall formed a straight line 43.15 feet in length.

Plaintiffs represent that at the time of their purchase of Parcel B, Mrs. Vogt pointed out the fence and the garage wall as being on and marking that part of the westerly line of that parcel and assured them that it "was a line fence and that we [plaintiffs] owned everything inside of all the fences that were established there."

The area to which plaintiffs claim ownership is flanked the entire distance by a cement walkway 30 inches in width and flush with the easterly side of the fence. It provided access from the alley to plaintiffs' backyard. The walk was also in place when plaintiffs acquired their title in 1926. Under the cir-

cumstances, the 17 inches in controversy constitutes the westerly 17 inches of the width of said walk. The testimony also reveals without contradiction that from 1926 to February 14, 1958 (the date of defendants' deed), plaintiffs' claim of ownership to the encroaching fence and walks had never been questioned by the mesne owners of Parcel A, a period of 31 years.

Defendants, to the contrary, rely solely on the terms of their deed which would place their easterly 43.15 foot boundary line as being 80 feet east and parallel to the westerly line of Lot 10. If they are correct, it would fall along the easterly line of the disputed strip a distance of 17 inches from the westerly border of the cement walk and near the middle thereof.

Defendants pose two assignments of error.

The second assertion of error arises from the dismissal of defendants' counterclaim for damages. This was predicated upon an alleged trespass by Mrs. Brooke and assault upon Mr. Amuchastegui. We find no merit in this proposition and, therefore, will confine our inquiry to a consideration of defendants' first assignment.

The first assignment rests primarily upon the proposition the proof of a strip 17 inches in width instead of the pleaded width of 22½ inches constituted a fatal variance, leaving the court no alternative but to dismiss plaintiffs' complaint.

To constitute a material variance between the allegation in a pleading and the proof, the adverse party must show that he has been actually misled to his prejudice and so prove to the satisfaction of the court. ORS 16.630. There is no showing that defendants raised the question during the course of the

trial, nor does the record reveal that had defendants done so they could have successfully contended that they had been misled or prejudiced in any way. Unless the attention of the court is timely directed to a claim of material variance, the objection is deemed waived. *Hill v. Mellon,* 3 Or 543, 544 (1872). See, also, *Winn v. Taylor,* 98 Or 556, 573, 190 P 342, 194 P 857 (1921); 74 CJS 117, Quieting Title § 75(d). It is within the discretion of the trial court to disregard a variance between an allegation and the proof, and nothing short of an abuse of such discretion can be assigned as error on appeal. *Wehrung v. Portland Country Club,* 61 Or 48, 54, 120 P 747.

■ Defendants challenge the power of a court of equity to quiet title in a plaintiff to a lesser amount than alleged in plaintiff's complaint. They rely primarily upon *Lais v. Smith,* 63 Or 206, 127 P 26, to support this position. That case spells out a problem of failure of proof rather than a material variance. Further, in the Lais case, the adverse possessor was claiming far more than he had enclosed. Here, plaintiffs' proofs indicate adverse possession of a strip smaller in size than they originally alleged. In Lais, the court was confronted with a lack of proof of a sufficient description to warrant a decree, if in fact the party was entitled to one, because "of estimates and guesses as to the quantity and location of the land upon which defendant seeks to establish a fee-simple title to a definite tract of land." (63 Or, supra, at 209) In the instant suit, both the pleading and proof are invested with sufficient accuracy and clarity to enable the property to be readily identified by the court and to determine its boundaries by the decree in a manner beyond the possibility of future controversy.

We entertain no doubt the court could find plaintiffs had actually adversely possessed less than alleged in their complaint and enter a decree accordingly. In *Wellendorf v. Tesch,* 77 Minn 512, 80 NW 629, the plaintiff had brought an action to determine an adverse claim to real property. The court in holding for the adverse possessor stated:

"Counsel for defendant argues that the court erred when, at the conclusion of plaintiff's case, his motion to dismiss on the ground of failure of proof was denied. This contention is without merit. There might be some room for argument as to whether plaintiff had shown actual possession of every part of the tract in dispute, which, as before stated, is a very small piece of ground; but it had been shown that he was in undisputed and actual possession of a portion of it, and had been for more than 30 years. As the evidence stood when the motion was made, plaintiff had established his right to recover as to a part, if not all, of the disputed tract, and this was sufficient reason for denying the motion to dismiss the case. In an action of this nature it is unnecessary for a plaintiff to prove possession of all of the land described in the complaint in order to recover. He may succeed as to part, and fail in his proofs as to the remainder."

It is a general rule of equity that under a prayer for general relief, as here, the chancellor may shape his decree according to the equities of the case and will grant any relief warranted by the allegation of the bill and the evidence in the case. See *Monese v. Struve,* 155 Or 68, 81, 62 P2d 822, and earlier cases there cited. See, also, *Emrich v. Emery,* 216 Or 88, 95, 332 P2d 1045, 335 P2d 604, 337 P2d 972. As said in *Meagher v. Uintah Gas Co.,* 123 Utah 123, 255 P2d 989, 992 (a suit to quiet title), "One may allege a

greater and prove a lesser title, as is held generally * * *." See, also, *Hamilton v. McDaniel,* 71 Ariz 371, 227 P2d 755, 757.

■ In the present case, the adverse possession of plaintiffs up to their side of the fence cannot be doubted. The weakness in the proofs lies in the additional 5 inches of the strip which was represented by the width of the fence itself, in part, and the width of a garage foundation and wall, in part. The court was not forced to speculate or guess as to that part which it decreed to plaintiffs. The evidence clearly demonstrated the 17-inch portion of the strip to be well defined in contrast to the additional five-inch fence width which made up the balance of the amount alleged in the complaint. A finding that the adverse claim continued only up to the fence and not including it, did not, however, eliminate the value of the probative character of the fence as one determinant of plaintiffs' adverse possession. See *Norgard v. Busher,* 220 Or 297, 306, 349 P2d 490 (1960). The law is also clear now that possession even under a mistaken belief of ownership satisfies the element of hostility or adverseness in the application of the doctrine of adverse possession. *Norgard v. Busher,* supra, at 303.

■ The trial judge was in the advantageous position of seeing the witnesses demonstrate on charts or maps the exact locations they were describing. We do not have the benefit of any chart or diagram keyed to the testimony of such witnesses. The record is thus rendered extremely difficult to read with understanding. We have many times warned against this practice as possibly detrimental to a meritorious appeal. We again accent the admonition to all members of the bar who are eager to render their clients the best possible service on appeal in this court.

*Birks v. East Side Transfer Co.,* 194 Or 7, 38, 241 P2d 120; *Phillips v. Podrabsky,* 209 Or 114, 119, 303 P2d 212, 304 P2d 942; *Smith v. Dressler,* 212 Or 322, 323, 319 P2d 578. The absence of such records here adds greater weight to the trial judge's determination.

The decree is affirmed.