Submitted on record and briefs December 11, 1980,
reversed and remanded February 17, 1981

SNYDER et al,
*Appellants,*

*v.*

PYNN,
*Respondent.*

(No. 79-6-434, CA 16656)

623 P2d 1090

Gary M. Bullock, Portland, filed the brief for appellant.

James O. Goodwin and Richard C. Helgeson, West Linn, filed the brief for respondent.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

RICHARDSON, P.J.

## RICHARDSON, P.J.

Plaintiffs filed a claim against defendant for money damages allegedly caused by defendant's breach of a contract. In response to plaintiffs' allegations, defendant moved for summary judgment. Plaintiffs appeal the judgment entered by the court after granting defendant's motion. We reverse and remand.

The parties' dispute initially arose in November, 1975. For several years prior to that time they had an oral agreement allowing plaintiffs to remove rock and fill material from defendant's property. In November, 1975, defendant advised plaintiffs that, effective November 15th of that year, their right to remove material was being terminated. A series of discussions ensued between the parties, culminating in what plaintiffs contend was an agreement on December 18, 1975.

In January, 1976, defendant here brought suit against plaintiffs seeking a mandatory injunction enjoining them from removing rock and other material from defendant's property after November 15, 1975, and for damages. Plaintiffs here, defendants in that action, filed a counterclaim seeking money damages for defendant's alleged breach of the claimed December, 1975, agreement. In response to that counterclaim, defendant here moved for an order requiring plaintiffs here to make their allegation regarding the December agreement more definite and certain. In particular, he requested an order requiring plaintiffs to state "whether the alleged agreement of December, 1975, is oral or written, and to set forth the date and terms of such agreement haec verba." After the trial court granted that motion, plaintiffs filed an amended countersuit which alleged, in pertinent part, that:

"III.

"For a number of years prior to December 1975, defendants had been purchasing rock and fill material from plaintiff's pit at a fixed price per yard removed. Negotiations with respect to terminating or extending the agreement were conducted in December 1975, resulting in an agreement between plaintiff and defendants whereby plaintiff gave to defendants an exclusive right of removal of rock and fill material from a specific part of the premises described in Paragraph I of this counter-suit, * * *.

> Such agreement is that same agreement described in Paragraph II, page 2 of this Amended Answer and Counter-Suit and is set forth in Exhibits A, B, and C attached hereto." [1]

Thereafter, defendant here filed a reply but eventually dismissed the suit.

Plaintiffs secured new counsel and filed the action which is the subject of this appeal. Their complaint, like the previous countersuit, sought money damages from defendant for his alleged breach of the December, 1975, agreement. Plaintiffs' allegation regarding the agreement was identical in all material respects to that alleged in their prior countersuit.

Defendant moved for summary judgment pursuant to former ORS 18.105(2).[2] Attached to the motion was defendant's sworn affidavit, the letter exhibits plaintiffs had attached to their complaint, and a memorandum of law. In response, plaintiffs submitted a sworn affidavit by plaintiffs' former counsel and an excerpt of testimony given by that attorney during the course of the parties' former litigation.

In his affidavit, defendant stated that he had not entered into any agreement with plaintiffs in December, 1975, or any time thereafter, allowing plaintiffs to remove material from his property. Defendant further stated that although he made an offer to plaintiffs on December 15, 1975, contained in one of the letter exhibits attached to plaintiffs' complaint, that offer was never accepted by plaintiffs. Instead, he stated, plaintiffs made certain counterproposals in a letter dated December 18, 1975, the last letter exhibit attached to plaintiffs' complaint, to which he never assented. Defendant's position was that examination of the exhibits relied upon by plaintiffs to contain the

---

[1] The exhibits referred to in the counterclaim are letters transmitted between the parties from November 9 to December 18, 1975, which purport to set forth the terms of the parties' agreement.

[2] At the time of this action, ORS 18.105(2) provided:

> "A party against whom a claim, counterclaim or cross-claim is asserted or a declaratory judgment is sought may, at any time, move, with or without supporting affidavits, for a summary judgment in his favor as to all or any part thereof."

parties agreement reveals that there had been no acceptance by defendant. There being no acceptance, defendant contended there could not be any contract between the parties.

In response to defendant's motion, plaintiffs submitted a counteraffidavit from the attorney who represented them in the first case between the parties. The affidavit stated that on or about December 18, 1975, defendant entered into an agreement, negotiated by the affiant as attorney for plaintiffs. Further, the affidavit stated that the agreement was set out substantially in the letter sent by the affiant to defendant on December 18, 1975. The affidavit also referred to testimony, given by the affiant and attached to the affidavit, which detailed the alleged agreement between the parties. The substance of this testimony was that on or about December 18, 1975, defendant entered into an *oral* agreement with plaintiffs' former attorney which was memorialized, at defendant's request, in the letter sent to defendant that same day.

At the summary judgment hearing, defendant objected to any attempt by plaintiffs to prove an *oral agreement* as being beyond the scope of plaintiffs' pleadings. The trial court made no ruling on the objection but, the record indicates, considered plaintiffs' counteraffidavit and supporting documents prior to ruling on the motion. The court granted defendant's request for summary judgment. In a letter to the parties explaining its decision, the court noted:

"It does not appear that the parties actually formed a contract in December, 1975, as alleged by Plaintiffs. It does appear that numerous offers and counteroffers were made, but there was never a complete meeting of the minds. The letter of December 18, 1975, from Mr. Harrington to Mr. Pynn, upon which Plaintiffs rely so heavily, clearly states in the first paragraph that it is a proposal. *There is nothing subsequent in the file to indicate that Mr. Pynn accepted that proposal.* Therefore, Defendant's motion for a summary judgment will be allowed." (Emphasis added.)

To warrant summary judgment the moving party must show that there are no genuine issues of material fact in dispute and that the party is entitled to judgment as a matter of law. We review the record in the light most

favorable to the party opposing the motion, giving that party the benefit of all reasonable and proper inferences which can be drawn from the pleadings, testimony and affidavits. *Stanfield v. Laccoarce,* 288 Or 659, 665, 607 P2d 177 (1980); *Seeborg v. General Motors Corporation,* 284 Or 695, 699, 588 P2d 1100 (1978); *Forest Grove Brick v. Strickland,* 277 Or 81, 87, 559 P2d 502 (1977).

Plaintiffs argue on appeal that the trial court erred in entering summary judgment for defendant. They contend that their affidavit created an issue of fact as to the existence of an agreement between the parties in two particulars: (1) by evidence showing an oral agreement, defendant's request that the agreement be put in writing, and a letter purporting to memorialize the agreement; and (2) by evidence showing defendant's acceptance of the offer, contained in the December 18 letter, by his acceptance of payments from plaintiffs and his failure to protest removal of fill by plaintiffs pursuant to terms set forth in that letter. Defendant again argues that plaintiffs are committed by their pleadings to proof of a written contract and any evidence of an oral agreement is improper. Defendant does not present any argument with respect to plaintiffs' second contention.

■■ It is true that a party must recover, if at all, on the allegations of the complaint and not on a new or different issue first introduced into the case in the summary judgment motion. *The Oregon Bank v. Baardson,* 256 Or 454, 459, 473 P2d 1015 (1970); *Atckison v. Triplett,* 244 Or 475, 483, 419 P2d 4 (1966). As noted, defendant argues that any evidence of an oral agreement constitutes matter outside the scope of plaintiffs' allegations and is, therefore, improper under the above rule. The policy behind this rule restricting recovery to matters alleged in a party's pleadings is to prevent the unfair surprise which would normally result in such instances. In the present case defendant had been aware of the substance of plaintiffs' claim since plaintiffs' former attorney testified in the parties' prior litigation. For almost four years defendant had known that the agreement relied upon by plaintiffs was that purportedly entered into by the parties on December 18, 1975. Though not strictly within the allegation contained in plaintiffs'

complaint, under the circumstances of this case, application of the rule defendant suggests is unwarranted. Considering the absence of prejudice to defendant, we think plaintiffs were entitled to present evidence that defendant orally agreed to extend plaintiffs' right to remove fill from defendant's property, that defendant requested the oral agreement be reduced to writing, and that the December 18 letter contained the parties agreement. Since such evidence directly contradicted defendant's claim that no agreement was ever reached between the parties, an issue of fact was preserved by plaintiffs and they were entitled to a factual determination on the issue.

■■   We also conclude, for another reason, that the trial court erred in granting defendant's motion. In his affidavit defendant stated that the December 18 letter was only an offer, which he never accepted. However, plaintiffs' counteraffidavit and the testimony attached thereto, directly contradict defendant's claim. That evidence shows that defendant knew that plaintiffs had been removing material from defendant's property after December 18, 1975, knew that the basis for plaintiffs' action was the alleged December 18 agreement, and, nonetheless, accepted payment from plaintiffs pursuant to those terms. Acceptance of a party's offer may be evidenced by circumstances from which the assent may be inferred. Actions amounting to a party's manifestation of a determination to accept an offer communicated to the party making the offer completes the contract. *Adair v. McAtee,* 236 Or 391, 392, 385 P2d 621, 388 P2d 748 (1963); *Title & Trust Co. v. Nelson,* 157 Or 585, 592-93, 71 P2d 1081, 114 ALR 1196 (1937); *Gordon v. Curtis Bros. et al.,* 119 Or 55, 62-63, 248 P 158 (1926). Plaintiffs allege, and their evidence shows, that defendant knew of plaintiffs' actions taken pursuant to agreement and accepted payment from plaintiffs pursuant to its terms. This evidence controverts defendant's claim that he never assented to plaintiffs' offer on December 18, and, likewise, created an issue of fact regarding the existence of an agreement between the parties.

Viewing the evidence in the light most favorable to plaintiffs, we conclude there exist issues of material fact in dispute and that defendant was not entitled to judgment as

a matter of law. The trial court erred in granting defendant's motion for summary judgment. Accordingly, we reverse and remand.

Reversed and remanded.