Argued and submitted January 19, reversed and
remanded for further proceedings May 11, 1981

## SHUMATE,
*Appellant,*

*v.*

## ROBINSON et ux
*Respondents.*

## (No. 25383, CA 17911)

627 P2d 1295

Steven K. Blackhurst, Portland, argued the cause for appellant. With him on the briefs was Lindsay, Hart, Neil & Weigler, Portland.

Vernon W. Robinson, Bend, argued the cause and filed the brief pro se for respondents.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

THORNTON, J., dissenting opinion.

## VAN HOOMISSEN, J.

Plaintiff brought suit to quiet title to her property described as Lot 17, Block 7, Center Addition to the City of Bend. Defendants' amended answer consisted of a general denial, and separate defenses alleging ownership by adverse possession, parol agreement, acquiescence, estoppel or practical location of the boundary line between the parties.

The suit was tried to the court without a jury. Rejecting the defendants' claim of ownership by adverse possession and, by implication, the remainder of the theories upon which the defendants claimed ownership of the property, the court found that title to all of Lot 17 was in the plaintiff.

After the court denied the defendants' claim of ownership, the court, *sua sponte,* entered a decree awarding the defendants a nonexclusive prescriptive easement for ingress and egress over a portion of Lot 17 which had been used by the defendants and others as a driveway. The defendants had not pled, nor had they claimed during trial that they had an easement in the plaintiff's property.[1]

On appeal plaintiff contends the trial court erred in awarding defendants an easement over Lot 17, *sua sponte,* when the defendants' answer claimed only ownership of the property and the case was briefed, tried and argued by both parties on that basis alone.[2] Plaintiff claims she was "shocked and surprised" when the trial court, on its own motion and without prior notice to the parties, awarded defendants an easement, an award which plaintiff asserts radically departed from the legal theories relied upon by both parties throughout the proceedings. Plaintiff alleges she was prejudiced by the trial court's ruling and that

---

[1] There can be no dispute that defendants were claiming title rather than an easement. By their Answer, Amended Answer, trial brief and closing argument, defendants claimed only ownership.

[2] After the trial judge announced his decision, the defendants moved "to amend the answer to conform the pleadings with the proof and to plead a prescriptive easement." The plaintiff objected, stating: "We came up here to try an adverse possession case, not a prescriptive easement." The trial court did not rule on the defendants' motion, and the pleadings were not amended.

she has been unfairly denied an opportunity to offer evidence to rebut any prescriptive easement in the defendants.[3]

In this court defendants persist in their claim of ownership; however, they do not cross-appeal. They argue here that a court of equity may shape a decree according to the equities of the case and award any relief warranted by the pleadings and the evidence.[4] Defendants contend that an easement is a lesser interest than ownership and that a party alleging a greater interest may prove a lesser interest and thus be entitled to a decree recognizing whatever interest the evidence supports.[5] They argue further that under a prayer for general relief, such as is found in the pleadings of both the parties here, an equity court has broad jurisdiction to finally resolve the controversy

---

[3] Plaintiff argues here that had she been on notice the trial court would depart from the pleadings, she would have offered evidence that the defendants' use of the property was permissive.

The dissent observes that nothing in the record indicates plaintiff sought to reopen the case and offer additional evidence to rebut the trial court's conclusion that defendants had established a prescriptive easement. The record does not support the inference found in the dissent that the trial court offered to permit the plaintiff to reopen the case for such purpose. The trial court did give the parties ten days within which to submit authority on the question of the power of the court to decree an easement under the pleadings. Neither party was successful in finding authority on point.

[4] Oregon has long recognized the broad power of courts of equity to shape decrees according to the equities of the case. *Schreiber v. Karpow,* 290 Or 817, 626 P2d 891 (1981); *Stan Wiley v. Berg,* 282 Or 9, 21, 578 P2d 384 (1978); *Wittick v. Miles,* 274 Or 1, 5, 545 P2d 121 (1976); *Jensen v. Probert,* 174 Or 143, 158, 148 P2d 248 (1944); *Lawrence v. Peel,* 45 Or App 233, 239, 607 P2d 1386 (1980).

[5] In *Brooke et ux v. Amuchastegui et ux,* 226 Or 335, 360 P2d 275 (1961), plaintiffs alleged ownership by adverse possession of a strip of land. The court confirmed ownership in the plaintiffs to a strip of land 5 1/2 inches less in width than prayed for by the plaintiffs. The defendants appealed, contending that proof of a lesser amount of land than that pleaded constituted a fatal variance, leaving the court with no alternative but to dismiss the plaintiffs' complaint. The Supreme Court said:

"It is a general rule of equity that under a prayer for general relief, as here, the chancellor may shape his decree according to the equities of the case and will grant any relief warranted by the allegation of the bill and the evidence in the case. * * * As said in *Meagher v. Uintah Gas Co.,* 123 Utah 123, 255 P2d 989, 992 (a suit to quiet title), 'One may allege a greater and prove a lesser title * * *.' * * * *." 226 Or App at 341-42.

between the parties and to shape a decree accordingly.[6] Finally, defendants argue that the plaintiff was not prejudiced by the ruling of the trial court in granting an easement because the proof required to defeat a claim of easement is, if anything, less than that required to defeat a claim of adverse possession. We review de novo, ORS 19.125(3), and reverse and remand for further proceedings.

The issue on appeal is the authority of a court of equity to decree a prescriptive easement where the defendants' answer claimed only ownership of the property and that claim was rejected by the trial court. Stated differently, the issue on appeal is whether the pleadings were sufficiently broad for the trial court *sua sponte* to award an easement, no prior notice having been given to the plaintiff by the defendants' pleadings, or by the court, that the existance of an easement was even being considered by the court.

■ To establish ownership by adverse possession a party must prove by clear and convincing evidence open, notorious, hostile, continuous, and exclusive possession under a claim of right or color of title for a period of ten years. *Whitley v. Jacobs,* 278 Or 541, 547, 564 P2d 1057 (1977); *Werner v. Brown,* 44 Or App 319, 605 P2d 1352, *rev den* 289 Or 71 (1980). In defending against defendants' claim of ownership, plaintiff asserted *inter alia* that adverse possession could not be established because defendants' use of the driveway was not exclusive. This was the thrust of plaintiff's trial memorandum, the focus of her

---

[6] In her complaint, plaintiff prayed for a decree:

"* * * * *

"2. Determining all adverse claims, if any, of the Defendants, and all persons claiming under them.

"* * * * *

"6. Granting such other relief as may be equitable."

In their answer, defendants prayed for a decree:

"* * * that Defendants herein be declared to be the owners of said property and further * * * granting such other relief as may be equitable."

The trial court made the following findings:

"* * * that the ownership of the * * * property is with Plaintiff.

"* * * that the Defendants have established by positive proof an easement by prescription over the * * * property."

cross-examination of the defendants and the substance of her final argument to the court. Plaintiff knew that all she had to prove to defeat defendants' claim of ownership by adverse possession was that other persons, in addition to the defendants, had used her property and that therefore the exclusivity element of adverse possession was absent. The evidence showed that the defendants, their clients, and the owners of various adjoining businesses and their customers had for years used the driveway to travel to the rear of Lot 16 and to adjacent properties. The trial court found against the defendants on the exclusive possession element of adverse possession.

Having defeated the defendants' claim of ownership, and not being on notice from the pleadings or otherwise that the defendants were then making any lesser claim in the property, the plaintiff was entitled to rest her case. Absent notice, plaintiff had no affirmative duty to then go forward with evidence to disprove any lesser interest in the property the defendants might conceivably have upon any imaginable theory.

■■ Easements by prescription are not favored by the law. *Wood v. Woodcock,* 276 Or 49, 56, 554 P2d 151 (1976); *Boyer v. Abston,* 274 Or 161, 163, 544 P2d 1031 (1976); *Thompson v. Scott,* 270 Or 542, 528 P2d 509 (1974); *Woods v. Hart,* 254 Or 434, 458 P2d 945 (1969). It seems entirely reasonable to us that if a person desires to assert a claim not favored by the law, at a minimum he should be required to give notice in his pleadings that he is specifically asserting such a claim.

In equity, as in law, the function of a pleading is to inform the opposite party of the plaintiff's cause of suit or the defendant's grounds of defense so that both parties know what is admitted and what is disputed. *Ball v. Danton,* 64 Or 184, 201, 129 P 1032 (1913). The Supreme Court said in *Perkins v. Standard Oil Co.,* 235 Or 7, 19, 383 P2d 107, 383 P2d 1002 (1963):

"The purpose of requiring an exchange of pleadings is not to produce perfection in the statement of the issue but only to bring forth into the light the points that are in dispute. When those points are sufficiently revealed so that the opponent is apprized of what he must meet and the

trial judge is given sufficient information so that he can rule advisedly during the progress of the trial, the pleadings have performed their function."

In *Schroeder v. Schaefer,* 258 Or 444, 464, 477 P2d 720, 483 P2d 818 (1970), the Supreme Court said:

"* * *The purpose of pleadings is to give notice of the issues to be litigated so that appropriate defenses can be prepared.* * *"

This court recently held that the policy behind the well established rule that a party must recover, if at all, on the party's pleadings is to prevent unfair surprise. *Snyder v. Pynn,* 50 Or App 449, 454, 623 P2d 1090 (1981).

■       While we have not been able to find any Oregon authority directly on point, we agree with the California Court of Appeals, which said in *Raab v. Casper,* 51 Cal App 3d 866, 876, 124 Cal Rptr 590, 596 (1975):

"* * * There is a difference between a prescriptive use of land culminating in an easement (i.e., an incorporeal interest) and adverse possession which creates a change in title or ownership (i.e., a corporeal interest); the former deals with the use of land, the other with possession; although the elements of each are similar, the requirements of proof are materially different. (See *Glatts v. Henson,* 31 Cal.2d 368, 371-372, [188 P.2d 745]; *Cleary v. Trimble,* 229 Cal.App.2d 1, 6 [39 Cal.Rptr. 776]; 7 Cal.L.Rev.65.)"

We find that the relief granted defendants here was outside the scope of the pleadings.

■       The broad power of a court of equity should not be invoked to shape a decree which was not reasonably contemplated by the parties and which, as here, represents a substantial departure from the pleadings and the legal theories relied upon by the parties.

■       The only remaining question is what disposition should be made of the case by this court?

In her appellate brief, the plaintiff urges:

"* * * this case should be remanded to the trial court with the direction that it enter a decree quieting title in the plaintiff, as prayed for in her complaint. Alternatively, the case should be remanded to the trial court for a new trial on the issue of whether defendants have a prescriptive easement over any portion of Lot 17."

The trial court failed to rule on the defendants' motion to amend their pleadings. We believe it is reasonable to assume that if the trial court had any doubt about its authority to award the relief granted in this case, it would have allowed defendants' motion to amend, and had the amendment been allowed, the suit would not have reached this court on the procedural question raised by this appeal.

Two alternative dispositions appear available to us: first, we may remand for entry of a decree quieting title in the plaintiff, or second, we may remand for further proceedings. Bearing in mind the maxim that he who seeks equity must do equity, we conclude that it would be equitable to remand for further proceedings not inconsistent with this opinion.

Reversed and remanded for further proceedings.

**THORNTON, J.,** dissenting.

Contrary to the majority, I would affirm. I agree with the trial judge that under the pleadings and evidence in this case, both parties were entitled to the relief granted: plaintiff was entitled to a decree that she was owner of the parcel in dispute, and defendants were entitled to a decree granting them a non-exclusive easement of ingress and egress. There is no need to remand this case for further proceedings.

Plaintiff argues that she would have presented a different case had defendants claimed a prescriptive easement instead of claiming fee title by adverse possession.

For reasons which follow, I do not find this argument persuasive.

It should be emphasized at the outset that plaintiff, not defendants, brought this suit to quiet title to the parcel in issue. In bringing her suit, plaintiff prayed *inter alia* for a decree as follows:

"2. Determining all adverse claims, if any, of the defendants, and all persons claiming under them.

"* * * * *

"6. Granting such other relief as may be equitable."

Defendants, by their amended answer, in addition to claiming title to the strip by adverse possession, pleaded a parol agreement to use the strip, acquiescence, estoppel and practical location. Furthermore, defendants prayed for "such other relief as may be equitable". The relief granted defendants, although a lesser estate in the parcel than sought, was within the general ambit of that prayed for. The evidence offered at trial was substantially the same as would have been offered had defendants been claiming a prescriptive easement. Proof of hostile possession and use is necessary to establish both adverse possession and a prescriptive easement. Plaintiff's contention on appeal that she might have shown that she gave defendants permission to use the disputed strip was equally applicable to both claims. The principal difference between proof of adverse possession and of a prescriptive easement, so far as this case is concerned, is with respect the element of exclusiveness.[1] Here the evidence was that defendants' use of the strip was not exclusive.

At the conclusion of trial, defendants asked to amend their answer to conform the pleadings with the proof and to plead a prescriptive easement. Plaintiff thereupon asked for and was granted a delay of 10 days before the entry of the decree. There is nothing in the record to indicate that the court ever ruled on defendants' motion to amend, or that plaintiff ever sought to reopen the case and offer any additional evidence to counter the trial court's announced conclusion that defendants had established a non-exclusive prescriptive easement over plaintiff's property.[2]

In a suit in equity, a prayer for general relief authorizes the court in entering a final decree to grant all

---

[1] In *Kondor v. Prose,* 50 Or App 55, 622 P2d 741 (1981), we said:

"* * * Unlike adverse possession of land, a showing of open continuous use of an alleged easement for a period of ten years creates a presumption that the use is under a claim of right and adverse to the rights of the owner. The owner must then show that the use was made with his permission." (citations omitted.)

[2] However, after plaintiff filed her appellant's brief, she filed a motion in the Court of Appeals to supplement the record on appeal by adding a letter which plaintiff's former attorney purportedly sent to defendant Vernon Robinson before the instant suit was ever filed. The motion claimed surprise and prejudice at the

the relief proper to be awarded under the facts proved and the law applicable thereto, regardless of the specific prayers. *Katz v. Obenchain,* 48 Or 352, 85P 617 (1906), *Federici v. Lehman,* 230 Or 70, 368 P2d 611 (1962), and *Rose v. Rose,* 279 Or 27, 566 P2d 180 (1972).

Here the trial judge decreed plaintiff to be the owner of the parcel in dispute. It is a well settled principle of equity that the court may require the plaintiff, as a condition to decreeing the relief asked for, to accord to the defendants whatever equitable rights that defendant may have, even though not demanded by cross bill, and may award defendant that relief to protect and enforce such rights. *Brown v. Hassenstab,* 212 Or 246, 319 P2d 929 (1958).

Summarizing, plaintiff, having prayed for a decree "[d]etermining all adverse claims \*\*\* of the defendants' \*\*\*," should not be heard to complain when the court proceeds to determine those claims. Plaintiff, having elected not to ask to reopen and offer additional evidence should not now be permitted to claim surprise and argue on appeal that she was not given an opportunity to offer additional evidence on the easement issue.

For all of the above reasons, I respectfully dissent.

---

trial court's decision; the letter purported to give plaintiff's consent to ingress and egress to the strip by defendants and one McKee. Defendants immediately opposed that motion, claiming plaintiff had not been surprised by the trial court's decision. Further, defendants offered their own motion to supplement the record on appeal by adding a purported letter replying to the plaintiff's letter, allegedly rejecting plaintiff's offer of consent to ingress and egress, and claiming title to the strip by adverse possession. Plaintiff's motion to supplement was denied by this court.